HON. JONATHAN ROSS,
HON. H. HENRY POWERS,   } ASSISTANT JUDGES.
HON. WALTER C. DUNTON, }

---

### D. R. BAILEY v. L. D. CORLISS.

*Statute of Limitations. Payment by One of Several Joint Contractors. Gen. Sts. c. 63, s. 28.*

In assumpsit against one of three makers of a joint and several promissory note, it appeared that defendant paid plaintiff thereon $50 that another of the makers had sent to him with a request that he so pay it, and that defendant told plaintiff when he paid it, whom it was from, and the request with which he received it. *Held,* that the payment was in legal effect payment by him who sent the money to defendant, and not such payment as, under s. 28, c. 63, Gen. Sts., would remove the bar of the Statute of Limitations as to defendant.

GENERAL ASSUMPSIT. Pleas, the general issue, and Statute of Limitations. Trial by the court, September Term, 1878, ROYCE, J., presiding.

The plaintiff, as administrator of the estate of William Clapp, sought to recover the sum due on the following note:

Bailey *v.* Corliss.

$226.94.                                    RICHFORD, December 30, 1862.

For value received we jointly and severally promise to pay William Clapp, or bearer, two hundred and twenty six dollars and ninety four cents in one year from date, with interest annually.

GEORGE W. CORLISS,
F. W. CORLISS,
L. D. CORLISS.

The note bore two indorsements, one of which was as follows :

Received of L. D. Corliss fifty dollars to apply on this note, Aug. 24, 1871.

It appeared that on March 8, 1871, the plaintiff called on the defendant and one of the other signers of the note, and demanded payment ; that they wanted the note to run a longer time, but said it should be paid soon ; that on the day of that indorsement the defendant gave the plaintiff a bill of exchange for $50 that F. W. Corliss had sent to him with a request that he pay it to the holder of the note ; and that when he gave it to him he informed him as to whom it was from, and of the request with which he received it. That transaction was the payment so indorsed, and was relied on to prevent the running of the statute as to the defendant.

The court rendered judgment, *pro forma*, for the defendant ; to which the plaintiff excepted.

There were other points of exception, but as they are rendered immaterial by the decision, they are not stated.

*Farrington & Post* and *Davis & Stevens*, for the plaintiff.

The promise of March 8th is important to the determination of the character of the payment. If the defendant did not intend to have the payment affect his liability, he should have so stated.

Section 28, c. 63, Gen. Sts., contemplates the protection of a joint contractor against the effect of payment only when payment is made in his absence or without his knowledge. In a case like this a promise should be implied. *Hunter* v. *Kittredge's Estate*, 41 Vt. 359 ; *Goodwin* v. *Buzzell*, 35 Vt. 9 ; *Ayer* v. *Hawkins*, 19 Vt. 26 ; *Ryegate* v. *Wardsboro*, 30 Vt. 746.

*H. S. Royce*, for the defendant, cited *Faulkner* v. *Bailey*, 123 Mass. 588 ; *Balcom* v. *Richards*, 6 Cush. 360.

The opinion of the court was delivered by

Ross, J.   On the facts found by the County Court the action is barred by the Statute of Limitations as to the defendant, unless the payment of August 24, 1871, operated to remove the statute bar as to him.   Section 28, c. 63, Gen. Sts.,—the chapter which relates to limitations of actions—provides : " If there shall be two or more joint contractors, or joint executors or administrators of any contractor, no one of them shall lose the benefit of the provisions of this chapter so as to be chargeable by reason only of any payment made by any other of them."   This section is a limitation of the common-law right of one joint contractor to act as the agent of the other joint contractors in making a payment on the common debt so as to postpone the running of the Statute of Limitations as to them all.   Under the provisions of this section, the only question is whether the payment of August 24, 1871, was made by the defendant within the meaning of the statute.   He passed the money to the plaintiff.   But it is found that it was the money of Frank W. Corliss, another signer of the note, and that the defendant handed the money to the plaintiff at his request, and so informed the plaintiff at the time.   This made the defendant the agent of Frank W. Corliss in making the payment, of which fact the plaintiff had knowledge, so that he was not misled in regard thereto.   If the plaintiff has slumbered upon his rights against the defendant by reason of that payment, it is his own fault, and not the fault of the defendant.   When the defendant informed the plaintiff that the money for that payment was furnished by Frank W. Corliss, and that he was passing it over to him at the request of Frank W., in legal effect he told him that it was a payment made by Frank W., and that he had no part in it, except as the agent of Frank W.   He had no occasion to go further, and enter a protest that he was not to be affected by it. The section of the statute cited had already done that for him. When he acquainted the plaintiff with the fact that it was a payment made by Frank W. Corliss, he thereby negatived all presumption that it was his payment, arising from the fact that he was the instrument in passing the money to the plaintiff, and left it to have such effect only as a payment made by Frank W. Cor-

liss under the provisions of the statute would have. It was not the payment of the defendant, and therefore did not stop the running of the statute in his favor. This holding renders a consideration of the other questions made on the argument unimportant, inasmuch as this holding is decisive of the case.

*Judgment affirmed.*