ALBERT S. McCONNELL *v.* IRA A. MERRILL AND B. L. WORTHLEY.

*Statute of Limitations, where one of two Joint Contractors procures a Payment to be made. Gen. Sts. c. 63, s. 28, construed.*

1. It is not necessary that the payment should be made *from the funds of the party making it,* to arrest the running of the statute; it is sufficient if he *procures* it to be done.
2. Where the surety *procures* a payment to be made, though out of the funds of the principal, and promises to pay the balance of the note, such, in effect, is *payment by the surety himself.*
3. *Bailey* v. *Corliss,* 51 Vt. 366, where the party making the payment, acted as the agent of another signer of the note, distinguished.
4. Gen. Sts. c. 63, s. 28, as to the effect of payment by one of two joint contractors, construed.

THIS case was tried at the June Term, Orange County Court, 1879, POWERS, J., presiding.

It was an action of general assumpsit brought upon the following note:

$781.00.                                     Bradford, Vt., March 31, 1869.

For value received we promise to pay Albert S. McConnell, or bearer, seven hundred and eighty-one dollars on demand with interest annually.

[Signed]                          IRA A. MERRILL,
                                  B. L. WORTHLEY.

The defendant Merrill was defaulted; the defendant Worthley plead the Statute of Limitations; replication, new promise, *infra sex annos.*

It appeared that payments had been made from time to time upon said note, which were endorsed upon said note, until Nov. 19,

1877, on which day a payment was made and endorsed by the plaintiff upon the note. The making of this last payment in the way, and under the circumstances, under which it was made, was relied upon by the plaintiff to save the note from the bar of the statute, as to defendant Worthley.

The defendant Worthley gave evidence which established his plea of the statute unless the bar was removed by the evidence offered by the plaintiff, as recited hereinafter. The writ was dated July 24th, 1877, and was served Dec. 6, 1877.

The plaintiff offered to show that after this suit was brought and defendant Worthley's property attached therein, the defendant Worthley went to the plaintiff, and requested him to bring a second suit against both defendants, and therein attach the property of defendant Merrill, and have the same sold and the proceeds applied upon the note, and verbally promised the plaintiff that he (Worthley) would pay all the expenses of such second suit, and the sale of property therein, and have the proceeds endorsed upon said note, and would pay the balance due upon the note ; that Worthley wanted such second suit brought for his own benefit ; that after much urging the plaintiff consented, and the parties went to Mr. Darling's office and had the suit brought ; that Merrill's property was attached and sold upon the writ, and the proceeds of the sale, without any deduction for costs or officer's fees, was endorsed upon the note Nov. 19, 1877, by Worthley's direction ; that the endorsement shows the full amount of the proceeds of Merrill's property sold upon the writ ; that nothing was deducted from such proceeds to satisfy the fees of the officer, amounting to $6.20.

Counsel for the plaintiff stated his claim as follows :

My claim is to show that this last endorsement was made by Worthley's direction ; we do not claim that he made the endorsement, but that the last payment made was by his direction, he bringing it about through this suit brought by Darling and the auction sale upon the writ. We claim it makes no difference who owned the money that was paid on the note ; if it was made by Worthley it cannot be claimed that it belonged to some one else.

*By the Court :* " And that is the point your evidence will tend

to show ? " *Mr. Watson:* "Yes, that the payment was made by his direction."

*By the Court:* " Do you claim that the note is saved from the bar in any other way than that ? " *Mr. Watson:* " No, sir ; I think not. Yes, we do ; there is another point ; it did not occur to me at that moment. We claim that he is not let out anyhow, but that, of course, we do not need to show by evidence, because the note itself shows, and we claim that if the note was kept alive by one, that it is likewise kept alive as to the other. But we rely more particularly upon the question I have before stated, and we shall be able to show, before we get through, that the money was applied directly on the note by Worthley's orders."

*By the Court:* " Then if I understand your proposition, you propose to show that the note was signed by Worthley and Merrill, and that after this suit was brought Worthley procured McConnell to bring a suit against the other defendant, Merrill, attach his property, cause it to be sold at public auction, and the proceeds to be applied on this note in suit ? *Mr. Watson:* "Yes, your honor."

*By the Court:* " And that the whole proceeding was by the procurement of Worthley, and you claim that this is a payment on the note by Worthley? " *Mr. Watson:* " Yes, with all the circumstances connected with it."

*By the Court:* " And secondly, if that is not so, that being a joint contractor with Merrill, that if Merrill has kept the note alive it is kept alive as to Worthley? " *Mr. Watson:* " Yes, I suppose the facts of the case were that he was only surety."

*By the Court:* " That does not appear on the note, but that does not alter the rights of McConnell. Mr. Watson then cited some cases in support of his position.

Counsel further claimed that defendant Worthley would be estopped from claiming that the property sold and applied upon the note was a payment by Merrill. The court ruled that the application of the proceeds of sale of Merrill's property in the second suit was not a payment by Worthley, although made by his procurement and request and direction, and that his promise to pay the expense of the suit, and the balance of the note being verbal, went for nothing; that he might rely upon the Statute of Limitations, notwithstanding the defendant Merrill had made payment within six years; and that defendant Worthley was not estopped by the proceedings detailed touching the bringing of the second suit from making his defence, and excluded the evidence, and or-

dered a verdict for defendant Worthley. To the ruling rejecting the evidence offered and ordering a verdict, the plaintiff excepted ; exceptions allowed, execution stayed and cause passed to Supreme Court.

*John H. Watson* and *J. K. Darling*, for plaintiff.

Payment by one is payment for all. *Whitcomb* v. *Whiting*, 2 Doug. 652 ; *Bell* v. *Morrison*, 1 Peters, 351 ; *Van Keuren* v. *Parmalee*, 2 Coms. (N. Y.) 523 ; *Shoemaker* v. *Benedict*, 1 Kernan, 176 ; *Exeter Bank* v. *Sullivan*, 6 N. H. 124 ; Gen. Sts. c. 63, ss. 23, 25 and 27 ; Angell Limitations, Appendix clxxviii ; Smith Lead. Cas. 6 Am. Ed. 861 ; *Kelley* v. *Sanborn*, 9 N. H. 46 ; *Whipple* v. *Stevens*, 2 Foster, (N. H.) 219 ; 3 Parsons Con. 80-3, n. (v); Angell Limitations, s. 260, n. 5 ; Smith Lead. Cas. 6 Am. Ed. v. 1, 861 ; Angell Limitations, s. 275 ; *Wyatt* v *Hobson*, 8 Bing. 313 ; *Rew* v. *Pettel*, 1 A. & E. 196.

The law in this State, by said section 28, is exactly the same as has been held upon common law principles to be the law upon this question by the Supreme Court of the United States, and by the highest courts in the states of New York and New Hampshire, and others. Maine has a statute similar to ours.

It makes no difference to whom the money belonged, by which the payment was made. Edwards Bills & Prom. Notes, 2 Ed. 641 ; Angell Limitations, 295, n. 2 ; *Winchell Exr.* v. *Hicks*, 18 N. Y. 553 ; *Munro* v. *Potter*, 34 Barb. 358 ; *Haight* v. *Avery*, 16 Hun. (N. Y.) 252 ; *Whipple* v. *Stevens*, 2 Fos. (N. H.) 219 ; *Holmes* v. *Durell*, 51 Me. 201 ; *Tainter* v. *Winter*, 53 Me. 348 ; *Miller* v. *Miller*, Reporter, vol. 8, 106 ; Smith Lead. Cas. vol. 1, 6, Am. Ed. 895.

A partial payment itself, and by its own operation, does not revive the debt, but it is evidence of a new promise, and a fact from which one may be implied ; hence the circumstances and declarations accompanying a payment enter largely into the case, and those circumstances and declaration must be submitted to the jury. Smith Lead. Cas. 6 Am. Ed. 890 ; *Kidd* v. *Moggridge*, 2 Harlstone & Norman, 567 ; *Waugh* v. *Cope*, 6 Meesor & Welsby 824 ; *Wainman* v *Kynman*, 1 Excheq. 117 ; *Jewett* v *Petit*, 4 Mich. 508 ;

*Bell* v. *Crawford*, 8 Grattan, 810 ; *Davis* v. *May*, 2 Grant, 412 ; *Goodwin* v. *Buzzell*, 35 Vt. 9 ; *Lewis* v. *Pratt*, 48 Vt. 358 ; *Riley* v. *Wheeler*, 42 Vt. 528 ; *Brooks* v. *Thatcher*, 49 Vt. 492 ; *Sessions* v. *Newport*, 23 Vt. 13.

*Farnham & Chamberlin*, for the defendant.

We believe it is well settled as a general rule, that the court may direct the jury to find for either party, when the facts brought to the attention of the court in their judgment as a matter of law do not warrant the jury in finding for him. *Merchants' Nat. Bank* v. *State Nat. Bank*, 3 Cliff. 205 ; *Com. of Marion County* v. *Clarke*, 94 U. S. (4 Otto) 278 ; *Pleasants* v. *Hunt*, 22 Wall. 116 & 120 ; *Rede* v. *Swift*, 45 Cal. 255 ; *Larason* v. *Lambert*, 12 N. J. L. (7 Hals.) 247 ; *Dunham* v. *Dodge*, 10 Barb. 566 & 32 ; *Stickney* v. *Stickney*, 21 N. H. 61 ; *Bailey* v. *Kimball*, 26 N. H. 365 ; *Armidon* v. *Aiken*, 28 Vt. 440 ; *Mixer et al.* v. *Williams*, 17 Vt. 457.

If then our version of the law in this respect is correct, it becomes the vital and only question, for this court to consider in the case. Does the case presented by the exceptions, show that the defendant Worthley has in any way removed the bar interposed by the Statute of Limitations, as to himself ? I say *has Worthley himself done anything?* for by our statute no person's acts but his own can deprive him of this defence ; and his acts must be either " a new promises in writing " or a payment. Gen. Sts. c. 63, ss. 23, 25, 27 and 28. *Carleton & Manning* v. *Ludlow Woolen Mills*, 27 Vt. 496 ; *Bailey* v. *Corliss*, 51 Vt. 366.

Massachusetts was first to change by statute the holding of her courts, and the rule established by *Whitcomb* v. *Whiting* in this respect. With a statute like ours her courts hold that, a payment by one of several joint contractors does not remove the statute bar as to the others, although acknowledged and assented to by them. Mass. Revised Sts. c. 120, ss. 13 and 18 ; *Pierce* v *Toby et al.*, 5 Met. 168 ; *Baldwin* v. *Richards et al.*, 6 Cush. 360 ; *Faulkner* v. *Bailey et al.*, 123 Mass. 588.

Maine has a statute identical with ours, and her courts hold a payment absolute is alone sufficient to remove the bar. Revised Sts. c. 146, ss. 20 and 24 ; *Wellman* v. *Sutherland et al.*, 30 Me. 425 ; *True* v. *Andrews*, 35 Me. 183.

Kansas, Louisiana, Michigan and Ohio all have provisions in their codes similar to the one in our statute in this particular, and their courts have placed the same construction on them as did the court of Massachusetts in *Pierce* v. *Tobey*, and this court in *Bailey* v. *Corliss*.   2 La. Ann. Rep. 890 ; *Steele* v. *Soulder*, 20 Kan. 39 ; *Hance* v. *Hair*, 25 Ohio, 349 ; *Sigler* v. *Platt et al.*, 16 Mich. 206 ; Smith Lead. Cas. 5 Am. Ed. 732, 733, 897.

Worthley's conduct in this matter worked no wrong to the plaintiff McConnell, neither was McConnell hereby induced to take, or omit to take, any steps to his own injury.   Nor was his course influenced by any act of the defendants touching this second suit named in the exceptions.   We submit there was nothing in his conduct to estop him from making this defence.   *Andrews* v. *Lyon*, 11 Allen 349 ; *Jewell* v. *Miller*, 10 N. Y. 402 ; *Houghton* v. *Batchelder*, 44 N. H. 40 ; *Hicks* v. *Cram*, 17 Vt. 449 ; *Church* v. *Fairbrother*, 38 Vt. 270.

The opinion of the court was delivered by

ROYCE, J.   The only question presented by the exceptions is whether the evidence offered of the payment made and endorsed upon the note Nov. 19, 1877, would prevent the running of the Statute of Limitations as against the defendant Worthley.   The payment offered to be shown was made from the proceeds of the property of the defendant Merrill, and the legal effect of the payment as affecting the defendant Worthley would depend upon the circumstances under which it was made.   The plaintiff offered to show that after this writ was brought and Worthley's property had been attached, he applied to the plaintiff to bring a second suit, and have the property of Merrill attached and sold, and the proceeds applied upon the note, and verbally promised that he would pay all the expenses of the second suit, and of the sale of the property that might be attached in the same, have the proceeds endorsed upon the note, and would pay the balance that might remain due upon the note, saying that he wanted the suit brought for his own benefit ; that plaintiff finally consented that the suit might be brought ; that property of Merrill was attached and sold upon the writ, and the whole of the proceeds of the sale endorsed

upon the note Nov. 17, 1877, by Worthley's direction. The court ruled as matter of law that these facts if proved would not prevent the running of the statute as against the defendant Worthley; that they would not amount to such a payment by Worthley as would prevent the running of the statute.

This we hold was error. The payment was made by the procurement of Worthley and for his benefit, and was made under such circumstances that the creditor had a right to rely upon it as a payment made by him for the purpose of arresting the running of the statute. It is not necessary that the payment should be made from the funds of the party making it. Here the payment made was not a voluntary payment by Merrill, but was compulsory, and was procured to be made by Worthley; and the payment thus made, when accompanied by the promise of Worthley that he would pay the balance of the debt that might remain due, we think the creditor had a right to consider it as á payment made by Worthley. This view in our judgment harmonizes with the spirit and intent of the statute, while the adoption of the construction claimed by the defendant would operate as a fraud upon the plaintiff, and be in conflict with the theory of the law pertaining to the defenses of actions from lapse of time.

This case is clearly distinguishable from *Bailey* v. *Corliss*, 51 Vt. 366. There the payment relied upon was a voluntary one. The defendant acted as the agent of the party making it, and informed the creditor at the time he handed him the money, whose it was, and what disposition he was requested to make of it, so that there was nothing in the conduct of the defendant that had a tendency to mislead the creditor, or to induce the belief that he intended to assume any new responsibility, or to waive any legal right.

The judgment is reversed and cause remanded.