By the Court.
By the statute (Civil Code, § 24; R. S. § 4992), when payment is made 'upon a demand founded on contract, an action may be brought thereon within the time limited, after such payment. In this case the limitation was fifteen years (Civil Code, § 13; R. S. § 4980), and each payment, as to Peter Brown, prevented the running of the statute for the period of fifteen years from the time of such payment. It is said, however, that the same result did not follow as to Crist. But we think otherwise. Crist, when the payments were made, stood by consenting, and there is no reason for saying that the payments had not the same effect as to him that they had as to Peter Brown. The views expressed by Crompton, J., in Jackson v. Wooley, 8 Ell. & Bl. 778, and by Ross, J., in Bailey v. Corliss, 51 Vt. 366, in apparent conflict with the conclusion at which wre have arrived, aré founded on statutes different in terms from that above cited. In holding that the judgment of the district court should be reversed, and that of the court of common pleas affirmed, our decision is not in conflict with any of the cases decided in this court, and referred to by counsel for plaintiff in error, but is supported by them.

Judgment reversed.