## WILLIAM H. GREEN *v.* DAVID MORRIS AND TR.

### *Statute of Limitations.   Payment by Surety. . Agent.*

1. When a surety pays money, which he has received in the presence of the payee from a principal on the note, it is a question of intent, in its effect on the Statute of Limitations, whether he paid it as agent of the principal, or for himself; if it was the understanding of all the parties that the surety was acting for himself, it was a payment by him, and removes the statute bar as to him.
2. *Bailey* v. *Corliss*, 51 Vt. 366, distinguished.

ASSUMPSIT on a promissory note. Trial by court, September Term, 1885, VEAZEY, J., presiding. Judgment for the defendant. The note was signed by J. B. Williams and D. W. Roberts as principals, and by the defendant as surety. The following indorsement was on the back of the note: "Received of David Morris twenty dollars," signed "David ⋈ Morris."

The exceptions stated, in part: "Plaintiff and defendant went to see Williams, who was at work near by on the defendant's slate quarry, about the note. Williams also supposed the note had been paid. The plaintiff told him something must be paid on the note, and that he was looking to the defendant to pay it. After a little talk Williams handed $20 to the defendant to be paid on the note, in the presence of the plaintiff, the amount being satisfactory to the plaintiff, and the latter and defendant went to the house near by for the purpose of having it properly receipted or indorsed; and the defendant handed the $20 to the plaintiff after they passed into the house, and the latter there wrote the indorsement on the note, which it now bears, and read it to the defendant and wrote his name to it, and he then made his mark of a cross, being unable to write, or read writing."

Green v. Morris.

The other facts are sufficiently stated in the opinion of the court.

*R. C. Abell*, for the plaintiff.

The payment made was not made as a payment by *Williams*, but was made by Morris and signed by him for the express purpose of renewing the note against him, and it is sufficient to raise a promise on his part to pay the note. *McConnell* v. *Merrill*, 53 Vt. 155; *Van Kuren* v. *Parmalee*, 2 N. Y. 523, 527; *Winchell, Exr.*, v. *Hicks*, 18 N. Y. 553; 56, 3 and 4; *Bliss* v. *Allard*, 49 Vt.; *Huntington* v. *Ballou*, 2 Lans. 120; S. C. 49 N. Y. 155; *Taintor* v. *Winter*, 53 Me. 350; *Monroe* v. *Potter*, 34 Barb. 358; *Pitts* v. *Hunt*, 6 Lans. 146; *Holmes* v. *Durell*, 51 Me. 201.

When the debtor and surety act together in making a payment, although the debtor alone handles the money, the creditor may consider it a joint payment to bind the surety within the statute unless the surety notifies him to the contrary. *Mainzinger* v. *Mohr*, 41 Mich. 685.

*Bromley & Clark*, for the defendant.

The case does not show any new promise or acknowledgment in writing.

It shows part payment made, *not* by defendant, but by Williams, who was one of the makers of the note.

The defendant acted, in fact, as the agent of Williams in paying the plaintiff the $20.

This was a voluntary payment made by Williams, and Green understood that Williams was making the payment.

The fact that all parties were mistaken as to the legal effect of such payment, and understood that the same would renew the note as to defendant, makes no difference, as the defendant in no way misled the plaintiff.

The understanding of the parties will not prevent the running of the statute.

The case is stronger for the defendant than that of *Bailey* v. *Corliss*, 51 Vt. 366.

The opinion of the court was delivered by

POWERS, J.   The question raised on the exceptions is whether the payment of the $20 indorsed on the note in suit on March 15, 1883, was made by the defendant, and the note thereby saved from the bar of the Statute of Limitations.

The case shows that the plaintiff relied upon the defendant as the only responsible signer of the note; that he took out a writ running against the defendant and, accompanied by an officer ready to serve his writ, called on the defendant and demanded a payment upon the note, telling him "he must pay something on the note that day or he should sue it." When the parties met Williams, the plaintiff told Williams that "something must be paid on the note, and that he (the plaintiff) was looking to the defendant to pay it." Williams provides the $20, but does not deliver it to the plaintiff. He passes it to the defendant and the defendant pays it to the plaintiff, both plaintiff and defendant understanding it to be a payment by the defendant. The true question is not where did the money come from, but who voluntarily intended to make a payment.

Williams intended no payment; he was not called on to pay. He lent the money to defendant, and the defendant handed it to the plaintiff as and for a payment by him on the note.

The case is unlike *Bailey* v. *Corliss*, 51 Vt. 366. There all parties understood that the party paying was acting for another, not himself. Here all parties understood the party paying was acting for himself, not another.

Judgment reversed, and judgment for plaintiff, and remanded to be proceeded with as to trustee.