JOSEPH LIZOTTE *vs.* EDWARD E. WARREN.

Bristol.    October 24, 1938. — January 31, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Practice, Civil,* Discretionary control of evidence.   *Witness,* Contradiction.   *Evidence,* To contradict witness, Relevancy and materiality, Admissions, Of consciousness of liability.

No error appeared in the exercise by a trial judge of his discretion in the admission of a letter written by the defendant which tended to contradict his testimony in cross-examination on a collateral matter.

In an action for criminal conversation with the plaintiff's wife and alienation of her affections, certain evidence as to the attitude of the defendant upon learning of the result of divorce proceedings by her against the plaintiff was admissible in the circumstances as some evidence of an admission by the defendant.

In the circumstances, a defendant's withdrawal of bank accounts standing in the name of his aged mother a few days after service of process on him in an action was admissible as showing consciousness of liability.

TORT.   Writ in the Superior Court dated June 27, 1935.

The action was tried before *Brogna,* J., and on December 29, 1936, a verdict was returned for the plaintiff in the sum of $7,000.   The defendant alleged exceptions.

The case was submitted on briefs.

*F. E. Smith,* for the defendant.

*J. B. Nunes,* for the plaintiff.

QUA, J.   In this action for criminal conversation with the plaintiff's wife and alienation of her affections the defendant excepts to the admission of certain evidence.

After evidence that the defendant had admitted to one Leila Stedenfeld, whom he was engaged to marry, that he had had intercourse with the plaintiff's wife, and after evidence that he had cried and begged Leila Stedenfeld's forgiveness, and after the defendant himself in cross-examination had denied that there had been any trouble between him and Leila Stedenfeld and had asserted that

he had done nothing to cause her any pain or "heartache," there was no error in admitting his letter to her wherein he said, "I am sorry to have caused you so many heartaches." Even if, as we do not decide, the letter went no further than to contradict the defendant's testimony in cross-examination on a collateral matter, its admission was within the discretion of the judge. *Bennett* v. *Susser*, 191 Mass. 329, 330. *Commonwealth* v. *Mercier*, 257 Mass. 353, 374. *Moskow* v. *Burke*, 266 Mass. 286, 291.

Upon cross-examination of the plaintiff the fact was drawn out that his wife had obtained a divorce against him on the ground of cruel and abusive treatment, thus, at least as the bill of exceptions states, "tending to prove that the reason why the plaintiff's wife left the plaintiff was that the plaintiff was cruel and abusive to her," and not because of the wrongful acts of the defendant. The plaintiff, on the other hand, contended that the divorce was part of a plan of the defendant to enable him to marry the plaintiff's wife, which in fact he did upon the divorce becoming absolute. The witness Stedenfeld was permitted to testify to a conversation between herself and the defendant which resulted from a telephone call she had had from an attorney at the conclusion of the divorce hearing. This conversation was in substance that the witness told the defendant that the attorney had asked the witness to give the defendant a message and to call the attorney as soon as the defendant came; that the attorney said, "I think we won," and that he and another attorney had "kept his [the defendant's] name out pretty well"; that the witness asked the defendant not to call the attorney "to show that he was interested in the mess at all"; and that the defendant said that he would not. When asked the question, "Was there anything else Mr. Warren said as the result of what you told him?" the witness replied, "He said, 'Oh, to hell with it.'"

We are not ready to say that evidence tending to show that when the woman who was or had been the defendant's fiancée told the defendant that an attorney in a divorce case brought by the plaintiff's wife against the plaintiff

had asked that the defendant call him and had said, "I think we won" and that the defendant's name had been kept out pretty well, the defendant expressed no surprise, made no denial, and merely agreed that he would not call the attorney "to show that he was interested in the mess at all" and said, "Oh, to hell with it," was wholly without significance as an admission and as bearing, in connection with other evidence, upon the relations of the defendant with the plaintiff's wife and with the divorce suit. We think such evidence had some probative force.

Evidence was admitted that on July 6, 1935, four days after the defendant was served with the summons in this action, he "personally" withdrew all the money in six savings bank accounts, aggregating $17,000, of which there were two in each of three banks, one of each pair of accounts standing in his mother's name and the other in his mother's name as trustee for him; that the orders upon which these withdrawals were made were dated June 11, 1935, and bore signatures which purported to be his mother's, but which expert testimony tended to show were "not the same signature" signed by his mother on the original deposit cards; that, previous to June 11, the defendant knew that the plaintiff had threatened to sue him; that one of the banks did business with the defendant and did not know his mother, although she had signed the orders for years; that his mother was a widow of advanced age and in ill health; that she died three days after the withdrawals were made; that the defendant was her only heir; and that "no probate of the estate had been undertaken."*

If the bank accounts had stood in the defendant's name, evidence that he had withdrawn them after suit was threatened or brought would clearly have been competent. *Labrie* v. *Midwood*, 273 Mass. 578, 580, and cases cited. We think the other circumstances disclosed tended to show

---

* As to this evidence, the judge charged the jury that "on the state of the evidence, I instruct you as a matter of law that these bank deposits were the property of Minnie E. Warren [the defendant's mother], individually, and that the evidence of the withdrawals was only admissible for the limited purpose of showing consciousness of guilt on the part of the defendant." — REPORTER.

sufficient interest or potential interest on his part in these deposits to render his conduct in relation to them of some evidential weight.

*Exceptions overruled.*