CREDIT SERVICE CORPORATION *vs.* WALTER H. BARKER.

Worcester.     September 23, 1940. — March 31, 1941.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Limitations, Statute of. Evidence,* Admission, Of consciousness of liability.

Liability of a defendant in a civil action cannot be proved by evidence merely of conduct on his part showing that he thought he was liable.

The mere facts, that the maker of a promissory note, with the knowledge and passive acquiescence of an indorser, established a trust for the protection of the indorser and a fund for the payment of the interest on the note and other purposes, and that the trustee made payments of interest on the note within six years before the commencement of an action thereon against the indorser, would not have warranted a finding of a new promise by the indorser to pay the note, nor prevent the action being barred by the statute of limitations.

CONTRACT. Writ in the Superior Court dated June 22, 1937.

A verdict for the defendant was ordered by *T. J. Hammond,* J.

*H. Seder,* (*R. S. Smith* with him,) for the plaintiff.

*F. P. McKeon,* for the defendant.

LUMMUS, J. Rosena M. McEvoy owed the defendant Barker, a contractor, for building a theatre in Leominster. He desired to be paid even at the risk of a contingent future liability. Late in 1928 or early in 1929 they went to the Leominster National Bank, where she borrowed $16,915 on her note payable to that bank, which he indorsed. She paid the proceeds of the note to him. The note which is the basis of the present action is one given in renewal of that note, dated February 20, 1930, by which she promised to pay to the order of that bank $16,915 with interest, on demand. He indorsed that note "waiving right of demand and notice." In 1932 the bank went into receivership, and in April, 1937, the note was sold at auction by the receiver to the plaintiff as part of the "remaining assets" of the receivership, and was indorsed in blank by the receiver "without warranty or recourse of any kind or nature whatsoever." This sale was confirmed by the comptroller of the currency and by the District Court of the United States, and early in June the note was delivered to the plaintiff. This action was brought on June 22, 1937, against the maker and the indorser. The maker defaulted, but the indorser set up the statute of limitations. Having acquired the note so long after its issue, the plaintiff does not contend that it is a holder in due course. G. L. (Ter. Ed.) c. 107, § 76.

Barker, the defendant indorser, never paid anything personally on account of the note during the period of more than seven years between the time of its execution and delivery and the time when this action was begun. Unless certain part payments removed the bar, this action was apparently barred by the statute of limitations. G. L. (Ter. Ed.) c. 260, § 2. By § 13, "No acknowledgment or promise shall be evidence of a new or continuing contract

whereby to take an action of contract out of the operation of this chapter or to deprive a party of the benefit thereof, unless such acknowledgment or promise has been made by, or is contained in, a writing signed by the party chargeable thereby." By § 14, "The preceding section shall not alter or impair the effect of a payment of principal or interest made by any person; but no endorsement or memorandum of any such payment, written or made upon a promissory note, bill of exchange or other writing by or on behalf of the party to whom such payment has been or purports to have been made, shall be sufficient proof of the payment to take the case out of the provisions of this chapter." The theory by which part payment removes the bar of the statute of limitations is that "the payment is an acknowledgment of the existence of the indebtedness, and raises an implied promise at that time to pay the balance." *Day* v. *Mayo,* 154 Mass. 472, 474, and cases cited. *Gillingham* v. *Brown,* 178 Mass. 417, 422, *et seq. Kennedy* v. *Drake,* 225 Mass. 303, 308. *Turner* v. *Buttrick,* 272 Mass. 261, 264, 265. *Markiewicz* v. *Toton,* 292 Mass. 434, 436. *Nutter* v. *Mroczka,* 303 Mass. 343, 347. *Emerson* v. *Deming,* 304 Mass. 478, 483. *Lariviere* v. *Lariviere,* 304 Mass. 627, 629.

"In order that part payment of a debt shall lead to the inference that it is at the time an acknowledgment of the debt which revives the original promise of payment, it is not necessary that such payment should be made by the debtor personally. It is sufficient that it be made by his direction and authority, and it takes effect from the time when it is thus made." In this Commonwealth it has even been held that the authorized application to the debt of the proceeds of collateral security furnished by the debtor to the creditor, revives the right of action. *Buffinton* v. *Chase,* 152 Mass. 534, 537, 538. *Vermont-Peoples National Bank* v. *Parker,* 269 Mass. 387, 391. Note, 25 Am. L. R. 58. Compare *Campbell* v. *Baldwin,* 130 Mass. 199; *Richardson* v. *Thomas,* 13 Gray, 381.

Apparently at common law one joint contractor could by part payment deprive another of the defence of the

statute of limitations. *Frye* v. *Barker*, 4 Pick. 382. *Sigourney* v. *Drury*, 14 Pick. 387. *Peirce* v. *Tobey*, 5 Met. 168. *Broadway Bank & Trust Co.* v. *Longley*, 116 Conn. 557. But by St. 1834, c. 182, § 1, now G. L. (Ter. Ed.) c. 260, § 15, any such rule was repudiated. *Faulkner* v. *Bailey*, 123 Mass. 588. *Fletcher* v. *Sturtevant*, 235 Mass. 249. *Vermont-Peoples National Bank* v. *Parker*, 269 Mass. 387, 390. As to joint executors, see *Haskell* v. *Manson*, 200 Mass. 599, 602, 603. Where, as in the case of maker and indorser of a promissory note, there is no joint contract, part payment by one cannot deprive the other of the defence of the statute of limitations. *Broadway Bank & Trust Co.* v. *Longley*, 116 Conn. 557. *Smith* v. *Dowden*, 92 N. J. L. 317. *Jacobs* v. *Williams*, 12 Rob. (La.) 183. *Hunter* v. *Robertson*, 30 Ga. 479. *Barber* v. *William Absher Co.* 175 N. C. 602. *Highland Investment Co.* v. *Kansas City Computing Scales Co.* 277 Mo. 365, 378. *Morgan* v. *Huffmann*, 76 Mont. 396, 401.

The part payments, made within six years before this action was begun, upon which the plaintiff relies to escape the bar of the statute of limitations, were made under the following circumstances. On May 3, 1929, the maker, Rosena M. McEvoy, conveyed to one Cropper as trustee certain parcels of real estate, including two theatres with their furnishings. A number of indorsers of her promissory notes were beneficiaries of the trust to the amount necessary to protect and indemnify them, with the defendant Barker entitled to priority among them. Barker knew of this conveyance and his rights under it, and approved of it. The conveyance was really a mortgage, for it was to be void if all the notes should be paid by the maker when due, and in case of default the customary power of sale was provided. Cropper received no money under the conveyance, and made no payments of principal or interest on the notes. But on December 30, 1929, one of the theatres was leased at a substantial rental. Mrs. McEvoy, Cropper and others agreed that the rents should be deposited in the Merchants National Bank of Leominster in a fund held by Cropper and two other persons, to be used

to pay the fixed charges on the real estate and interest on the notes indorsed by Barker. From this trust fund thirteen payments of interest were made upon the note which is the basis of the present action, the last one on April 30, 1934.

The defendant Barker took no part in the creation of the fund in the ·Merchants National Bank, but he was aware of its creation and "he acquiesced in the arrangement." · He did not know of the payments of interest at the times when they were made.

The foregoing statement of facts is as favorable to the plaintiff as the evidence, including the auditor's report, warrants. The judge was right, in our opinion, in directing a verdict for the defendant. The case stands no better for the plaintiff than it would have, had the maker of the note made the payments out of her purse. They were made out of a fund provided by her or by her property. It may be that they would have implied a new promise by Barker if he had participated in them or given active consent to them. *Broadway Bank & Trust Co.* v. *Longley,* 116 Conn. 557, 563–565. *Glick* v. *Crist,* 37 Ohio St. 388. *Mainzinger* v. *Mohr,* 41 Mich. 685. *Whipple* v. *Stevens,* 22 N. H. 219. *McConnell* v. *Merrill,* 53 Vt. 149. *Green* v. *Morris,* 58 Vt. 35. *Nicholas* v. *Porter,* 181 Ind. 332. Notes, 71 Am. L. R. 399, *et seq.,* 121 Am. L. R. 553, *et seq.* But mere acquiescence falls short of participation or even consent. Barker's conduct showed nothing more than passive acquiescence in the creation of the fund and the making of the payments, together with a hope that they would be made. This did not warrant a finding that he impliedly promised to pay the balance.

The persons making the payments were not his agents to do so, still less to bind him by an implied promise. *Littlefield* v. *Littlefield,* 91 N. Y. 203. *Lang* v. *Gage,* 65 N. H. 173. *Green* v. *Morris,* 58 Vt. 35. *Wanamaker & Brown* v. *Plank,* 117 Ill. App. 327. If those persons were trustees, and Barker was a beneficiary, as appears to be the fact, the plaintiff is not aided. Whatever may be the power of a fiduciary by part payment to revive a debt due from the

trust estate, he has no power to revive it against a beneficiary personally.     Am. Law Inst. Restatement: Contracts, § 86 (3).     Williston, Contracts (Rev. ed. 1936) § 194. *Divine* v. *Miller*, 70 S. C. 225.

There was evidence that a few days before this action was begun the defendant Barker conveyed all his real estate to his son without consideration, and incorporated his contracting business with his son, who paid nothing, as the owner of two hundred forty-eight out of two hundred fifty shares.     That tended to show consciousness of liability in the mind of the defendant Barker.     *Labrie* v. *Midwood*, 273 Mass. 578, 580.     *Lizotte* v. *Warren*, 302 Mass. 217.     But standing alone it did not warrant a verdict against him. An implied admission of this sort may turn the scale where the evidence is conflicting.     But it forms an insufficient foundation for the erection of an entire case by mere inference without other evidence.     *Zandan* v. *Radner*, 242 Mass. 503, 505.     *D'Arcangelo* v. *Tartar*, 265 Mass. 350.     *Laidlaw* v. *Vose*, 265 Mass. 500, 505, 506.     *Atlas* v. *Silsbury-Gamble Motors Co.* 278 Mass. 279, 283.     *Boston* v. *Santosuosso*, 307 Mass. 302, 349.     *Straight* v. *American Life Ins. Co.* 184 Iowa, 301, 306, 307.     *Heslop* v. *Heslop*, 82 Penn. St. 537, 539, 540.     *Nowack* v. *Metropolitan Street Railway*, 166 N. Y. 433.     *Login* v. *Waisman*, 82 N. H. 500, 502.

*Exceptions overruled.*