Carr, J.
We shall hereinafter give consideration to the document which the defendants filed, entitled Consolidated Brief. At present it is enough to say that the only questions briefed by the defendants had to do with what might be described as the mechanics of the disposition of their requests for rulings.
*454 As to their requests numbered 1 and 5 they say that the disposition did not comply with District Court Buie 27 and they say that the dispositions of 1 and 2 and 5 and 6 are inconsistent. All other requests are waived.
With a little investigation counsel for the defendants might have discovered that District Court Buie 27 has nothing to do with this court. If he means Buie 28 of this court, the last paragraph, even a hasty reading would show that it does not apply to the disposition of the present requests. The court did not refuse any one of the requests “upon the ground that it is inconsistent with or inapplicable to the facts found, or because the facts recited in the request are not found.”
Bequest 1 was intended to determine whether the evidence was insufficient to warrant (i. e. to justify) the court in finding that the action was brought within the six-year statutory period of limitations. The judge very properly ruled that the evidence was not insufficient. Bequest 2 on the other hand sought a ruling that this evidence warranted the court in finding that the action was not brought within the six-year period. The court very properly ruled that it did. Of course, even if the evidence warranted a finding that payments had extended the statutory period, the court did not have to believe the evidence and could have found that the debt was outlawed. To determine whether all the evidence in the case would or would not warrant a certain finding did not require a determination of facts.
Bequest 5 and 6 in similar phraseology sought to test the adequacy of the evidence to support a finding for the plaintiff and whether the evidence had any binding effect to prevent a finding for the defendant. The court’s, ruling on these requests were proper.
*455 That there was no inconsistency in thus dealing with these requests needs no further explanation.
Rule 28 not applying, the trial judge was under no duty to find facts. Commercial Credit Co. v. McDonough Co., 238 Mass. 73, 78.
No other issues raised by the report in this case have been briefed and we consider that they are waived. A brief is something more than a typewritten statement of claim without citation of authority. This Commonwealth is rich in precedent. Diligence will generally find some authority, if not exactly in point, at least closely enough analogous to point the way to a decision. The court has the right to expect some aid from the parties. Where counsel do not consider issues of sufficient importance to require legal research, they cannot expect the court to consider them of greater importance, cf. Hurwitz v. Lakson, Mass. App. Div. Rep. 154.
A very short search would have uncovered authorities bearing on the issues raised by this appeal.
■ As to the amendment of the writ and declaration bringing in Alick Eidelman (note the party defendant as to whom discontinuance was previously allowed was Alick Eidelstein) it is apparent that the amendment was not allowed as a part of the trial of this case and that no question as to the validity of the amendment was raised before the trial. Ample authorities in support of the action of the judge who allowed the amendment and of the trial judge in disposing of the writ and declaration as amended, were available to the defendants’ counsel on the slightest investigation, cf. Genga v. Director General of Railroads, 243 Mass. 101, 104.
That the unpaid check was sufficient evidence to take the defendants’ indebtedness out of the statute of limitations is supported by a ease readily available. Ilsley v. Jewett, 2 Met. 168, 173, 174, 175.
*456 That the $30 payment made by one Powers on or about August 12, 1932 (not to consider the payment by one Effron on June 10, 1932) was enough to delay the running of the Statute of Limitations where it was made at the request of the defendants and in their behalf, can easily be supported by citation. Credit Service Corp. v. Barker, 308 Mass. 476, 478.
The plaintiff filed no brief on this appeal. What the defendants filed has been discussed. Obviously counsel for both parties intended to let the Appellate Division do their work for them. Report Dismissed, with double costs.