FREDERICK G. BUXTON vs. WILLIAM EDWARDS & others.

Worcester. Oct. 3, 1882.— April 4, 1883. C. ALLEN, COLBURN & HOLMES, JJ., absent.

In an action on a debt due from a partnership, to which the defence is payment by a promissory note of the successors in business of the old firm, the plaintiff may put in evidence what was said when the note was given; and, if it appears that he has offered proof of the note against the insolvent estate of the new firm and has withdrawn the proof, evidence is competent, on the issue whether he had knowledge or notice of the dissolution of the old firm, that he supposed when he proved the note that it was the old firm that had gone into insolvency.

A partnership debt is taken out of the operation of the statute of limitations by a part payment thereof made by one partner within six years, although the firm had then been dissolved by the voluntary act of the partners, if the holder of the debt had no knowledge of the dissolution.

If a person having a claim against a partnership takes in payment a promissory note of the successors of the firm, without knowledge that the old firm had been dissolved, and supposing that the note was that of the old firm, he may maintain an action on the debt, without showing that he was fraudulently induced to take the note.

An accounting together is not the creation of a new debt, but is a statement and acknowledgment of an old debt, from which a promise to pay is implied sufficient to maintain an action.

One partner, after the dissolution of a partnership, has authority to adjust a claim upon the firm; and if the partner and the creditor account together, the presumption is that an account stated states the debt of the firm; and this presumption is not rebutted by evidence that the creditor had notice of the dissolution of the partnership.

CONTRACT, against William Edwards, Stephen K. Edwards and Frank Edwards. The writ described the defendants as "late copartners as Wm. Edwards & Sons." The declaration contained three counts. The first count was on a promissory note, dated July 1, 1879, for $3217, payable to the order of the plaintiff, on demand, after date, with interest at the rate of seven per cent per annum, alleged to be signed "Wm. Edwards & Sons." The second count was for money had and received, according to an account annexed, the first item of which was as follows: "1879, July 1. To amount found due from the defendants to the plaintiff, and to be paid over, but retained at that date in their hands, $3217." The second item was for interest. The third count was as follows: "And the plaintiff says the defendants owe him $3217, for balance found due to

the plaintiff by the parties on accounting together, on July 1, 1879, with interest thereon." All the counts were alleged to be for the same cause of action.

The answer of William Edwards, who alone defended, contained a general denial to all the counts, denied the genuineness of the signature to the note, and that he was ever a member of the firm of Wm. Edwards & Sons; and set up the statute of limitations as to the cause of action in the second and third counts; alleged that, if he was ever indebted, it was upon a note dated July 1, 1873, and such note was paid by a note dated July 1, 1879, signed by the other defendants. Trial in the Superior Court before *Knowlton*, J., who allowed a bill of exceptions, which, after stating that the pleadings might be referred to, was in substance as follows:

The plaintiff was the son of Orren A. Buxton, who acted for him and was his agent in all the transactions hereinafter referred to.

Stephen K. Edwards and Frank Edwards were sons of William Edwards; and the evidence tended to show that, in 1865, William and Stephen K. formed a copartnership to carry on business in Southbridge under the name of Wm. Edwards & Son, and kept a store there, selling various kinds of merchandise in that firm name until the spring of 1873, when Frank Edwards joined them as a copartner, and their firm became Wm. Edwards & Sons; that said firm was dissolved by mutual consent on January 1, 1875, and was succeeded in the same business by a new firm, in which Stephen K. and Frank were the only members, under the name of Wm. Edwards Sons; that on July 1, 1873, the firm of Wm. Edwards & Sons was indebted to Orren A. Buxton in different sums, which, with the interest upon them, amounted in the aggregate to $2432.55, for which amount said firm gave their note payable, with interest at eight per cent, to the plaintiff; that payments were made upon that note as follows: August 15, 1876, $40; March 3, 1877, $210; October 30, 1878, $75; October 9, 1879, $200; that all these payments were made with their own check and moneys by the firm of Wm. Edwards Sons, and that they were the only payments ever made thereon; that, in December 1879, Frank Edwards computed the amount due upon said note up to July 1,

1879, reckoning interest in annual rests upon the principal, and also upon the payments which had been made upon it, part of the interest being reckoned at seven per cent and part at eight per cent, in accordance with an agreement made with Orren A. Buxton; and the same day Stephen K. Edwards signed the note in suit for the amount so ascertained, dating it back to July 1, 1879, and delivered it to Orren A. Buxton for the plaintiff; that the former note was taken by Stephen K. Edwards, part of the signature was torn off, and it has been kept by him since. The defendants testified that William Edwards had no knowledge of this transaction, or of the making of the payments upon the former note.

It was in dispute between the parties whether the signature upon the note in suit was " Wm. Edwards & Sons " or " Wm. Edwards Sons." There was a curved line or loop after the word " Edwards," which was continuous with the lines of the letter " S " in the word " Sons," which the plaintiff contended was the character " & " and the defendant contended was a part of the letter " S." It appeared that William Edwards was not present at the time this note was made and delivered.

Orren A. Buxton was asked by the plaintiff's counsel, " What was said at the time the note was delivered?" The defendant objected, but the witness was allowed to answer, against such objection, in substance as follows: " We had an accounting in 1879 about that note (meaning the note of 1873). At the time of that accounting, I had no idea of a dissolution of the firm of Wm. Edwards & Sons. Frank Edwards was there at the store, and I asked him if he knew how long that note had run that I held against him. He said he did not know. I said I thought it had run about six years, and that it ought to be looked after. I took it out and we figured it up. Stephen said eight per cent was rather too much for the whole time, and I said, ' Call it eight per cent for two years and seven per cent for the balance.' Frank said, ' You had better have a new note.' I said I guessed we had. Stephen said we had, but they could not afford to pay but seven per cent. Frank wrote it. I think Stephen signed it, but am not certain." In response to another question the witness said, "I know the signature of Wm. Edwards & Sons; I have had it times enough, I ought to know it."

Being shown the signature upon the note in suit, he said, "I should think this was their signature." Having said, "There was no talk whose note it was," he was asked, "Whose note did you receive it as?" and was allowed to answer, against the defendant's objection, "I took it as the note of Wm. Edwards & Sons. It is the signature of that firm; I never knew anything different."

On May 30, 1878, Orren A. Buxton, in a letter addressed upon the outside to Stephen Edwards & Co. and upon the inside to Mr. Edwards, sent a draft for $275, requesting a note for the same, and Wm. Edwards Sons sent him their note, dated May 22, 1878, therefor, by letter. Buxton testified that he supposed that was the note of Wm. Edwards & Sons.

In the fall of 1880, the firm of Wm. Edwards Sons went into insolvency; and, at the solicitation of Stephen K. Edwards, the plaintiff signed and made oath to a certificate in the usual form for the proof in the insolvency court of the note in suit, and Orren A. Buxton signed and swore to a like certificate for the proof of his note of $275; and both said claims were proved and allowed. Both these affidavits for proof were prepared by the attorney of Stephen K. Edwards, and there was evidence that Orren A. Buxton was consulted about it before the plaintiff's proof was made, that he was present when it was made, and that the plaintiff did not read it over or hear it read. It was not shown that William Edwards was present, nor was it contended that any deceit was practised upon or false representations made to the plaintiff, or the said Orren A. Buxton, to procure said proofs. In the direct examination, Orren A. Buxton testified, without objection, regarding the proof of the plaintiff's claim in insolvency and some of the attending circumstances, but the affidavit for proof was not formally put in evidence.

The defendant's counsel, in connection with the cross-examination of Buxton, put in evidence the proof in insolvency, made at or about the same time, of his note for $275, above named, and cross-examined him about it. In reëxamination the plaintiff's counsel put in evidence, without objection, the affidavit upon which the plaintiff's claim was proved, and asked the witness, "Who did you understand had then gone into insolvency?" The defendant objected, but the witness was allowed

to answer, "I understood it was Wm. Edwards & Sons." The plaintiff was afterward called as a witness, and was allowed, against the defendant's objection, to answer the same question in the same way.

It appeared that the plaintiff, acting under the advice of his counsel, on April 5, 1881, upon his petition to the insolvency court, was permitted to withdraw his said proof against Wm. Edwards Sons, but it did not appear whether any objection was made thereto.

There was no evidence offered to show that, at the time the note in suit was made, Frank Edwards or Stephen K. Edwards did any act or made any statements or representations calculated to deceive; and the plaintiff did not contend that any fraud was practised upon him in connection with the making or delivery thereof.

There was evidence that the firm of Wm. Edwards & Sons published notice of the dissolution of their firm for three weeks successively in the Southbridge Journal, the plaintiff and his father living in North Brookfield at the time; and that the firm of Wm. Edwards Sons, for a long time afterward, published in said paper an advertisement of their business, and procured and used printed billheads and letter-paper with printed headings showing the firm name and the names of the copartners, and that they marked their bags with their firm name, and that letters were written to the plaintiff's agent, Orren A. Buxton, upon said printed letter-paper, and that he received a note and some checks signed with their firm name; and this and other evidence tended to show that Orren A. Buxton had actual knowledge of the dissolution of said firm at the time the note declared on was made, and, prior to December 1879, was in possession of such documents, checks, letters sent to him, and other facts, as would reasonably put him upon inquiry regarding such dissolution, and of such information derived from the documents, letters, checks, and other facts, that, as a man of reasonable intelligence and understanding, he ought to have known that such dissolution had taken place; but there was no evidence that any documents, letters or checks were sent to the plaintiff, or his agent, as notices, or for the purpose of giving notice, of the dissolution of said firm, or that any of them contained words of express

notification or information of such dissolution, unless the signature " Wm. Edwards Sons " to letters and checks, and the printed letter-heads of Wm. Edwards Sons with the printed names of the two sons as members of the firm, can be so considered.

The plaintiff introduced evidence tending to show that he had no knowledge of the dissolution of the firm of Wm. Edwards & Sons at the time the note declared on was made, and that he and his father, Orren A. Buxton, believed said firm continued in existence until some weeks after the failure of Wm. Edwards Sons, in the fall of 1880.

The defendant requested the judge to instruct the jury as follows : " 1. If the jury are satisfied that the firm of Wm. Edwards & Sons was dissolved on January 1, 1875, by mutual consent, and that a new firm was formed composed of Frank Edwards and Stephen K. Edwards, who subsequently carried on the business under the firm name of Wm. Edwards Sons, and no payment was made upon the note dated July 1, 1873, previous to January 1, 1875, and that all payments after January 1, 1875, on said note or on account of the debt represented by it, were made by said new firm of Wm. Edwards Sons, on account of said new firm, then the note dated July 1, 1873, and the debt represented by it, would be barred by the statute of limitations, and the plaintiff cannot recover thereon against the defendant William Edwards. 2. No payment upon the note dated July 1, 1873, or on account of the debt represented by such note, made by said S. K. Edwards and Frank Edwards, either separately or jointly as members of the new firm of Wm. Edwards Sons, to the plaintiff or his agent, after the plaintiff or his agent in the transaction had notice of such dissolution of the firm of Wm. Edwards & Sons, would operate to take the claim out of the operation of the statute of limitations as against William Edwards, or entitle the plaintiff to recover as against him on the note, or upon the debt or claim in any other form. 3. If the jury find that the note in suit is the note of Wm. Edwards Sons, and S. K. Edwards and Frank Edwards gave it as their note, and the plaintiff accepted it in payment of the note of July 1, 1873, he cannot recover now as against William Edwards, upon the counts contained in the amended declaration, although he supposed it to be the note of Wm. Edwards & Sons, if the jury

find that no fraud was practised upon him at the time said note was given. And fraud must be proved; it cannot be presumed; and in this case the burden of proof is upon the plaintiff, who charges it, to satisfy the jury that some act was done at the time the note was signed, or some deception practised with the intent to mislead or deceive, that did in fact deceive or mislead the plaintiff. The mere mistake of the plaintiff or his agent in his knowledge as to what persons were bound by the signature which he obtained to the note when it was signed, or his mere supposition that William Edwards was bound by it, would not be sufficient to prove fraud, unless the jury find that S. K. and Frank Edwards at the time intended to mislead and deceive, and in pursuance of such intent did some act or made some statement which did in fact mislead and deceive him. The plaintiff must adduce stronger proof to establish fraud than would be required to prove the signing of the note or the existence of a debt; the presumption that persons act honestly and without fraud is so strong, that when fraud is charged the proof must be not only sufficient to establish an innocent act, but to overcome this presumption of honesty also. 4. If the plaintiff or his agent met S. K. Edwards and Frank Edwards, and agreed with them as to the amount due upon the note of July 1, 1873, and S. K. and Frank agreed to pay the same, the plaintiff cannot recover upon that contract against William Edwards, if the jury find that the firm of Wm. Edwards & Sons was dissolved on January 1, 1875, although the plaintiff did not know of such dissolution. 5. If the plaintiff or his agent knew of the dissolution of the firm of Wm. Edwards & Sons before the note in suit was given, or if he or his agent was in possession of such facts that he or said agent ought to have known of such dissolution, by the exercise of reasonable diligence, and those facts were such as to put him upon inquiry, then he cannot recover upon either count of his declaration against William Edwards. 6. If the plaintiff or his agent knew, when the note in suit was made, that the firm of Wm. Edwards & Sons had been dissolved, and that William Edwards was no longer carrying on business with the other defendants, and, having such knowledge, dealt with the other defendants aforesaid, then William Edwards would not be liable on either count of the declaration. 7. Upon the question of

notice of the dissolution of the firm of Wm. Edwards & Sons, it is not necessary, to bind the plaintiff, to show that he or his agent was told that such firm had been dissolved, or that he saw the published notice thereof; but if he or his agent was in the possession of such documents, checks, letters and other facts as to reasonably put him upon inquiry, and he failed to make such inquiry or investigation as a reasonable man would make under such circumstances, and negligently failed to make such inquiry or investigation, he cannot now avail himself of the position that he had no notice of the dissolution. If, under the circumstances above stated, he or his agent failed to make inquiry or investigation, he cannot now avail himself of the position that he had no notice of the dissolution. Nor is it necessary to show that he or his agent in fact knew the terms of the dissolution contract, and who was authorized to settle the affairs of the firm of Wm. Edwards & Sons, if he or his agent knew that such dissolution had taken place in fact, or if, having taken place in fact, he or his agent was in possession of such information derived from the documents, letters, checks and other facts, that, as a man of reasonable intelligence and understanding, he ought to have known that such dissolution had taken place. It is enough if it is shown that he or his agent actually knew, or should have known, for the reasons stated above, the fact simply of the dissolution, if one was in fact made, without stating the terms thereof. (Upon the question of notice, the dealings of the plaintiff or his agent with S. K. and Frank Edwards, the letters, receipts, checks, and their contents and statements, as well as the evidence of the witnesses as to conversations had with the plaintiff's father, are competent evidence to be considered by the jury, if he was acting as the agent of the plaintiff.) If the jury find that the documents, letters and checks sent the plaintiff or his agent were of such a character as to lead a person of ordinary intelligence and understanding to suppose and believe that a change had taken place in the name of the parties actually carrying on the business formerly carried on by Wm. Edwards & Sons, and that William Edwards was no longer interested therein, and that previous to giving the note in suit, that would be notice such as would prevent the plaintiff from recovering in this action against William Edwards.

8. Upon the question of payment, the fact that the plaintiff or his agent surrendered the note of July 1, 1873, to the defendants, and that the same was given up and cancelled, is competent proof of payment."

The judge gave the second, sixth and eighth instructions requested, and so much of the seventh as is enclosed in parentheses, and declined to give any of the others in the form in which they were presented, and gave no equivalent ones except as hereinafter stated, and, among other things, instructed the jury that upon the first count the plaintiff could not recover, unless they found that the signature upon the note was the real and genuine signature of the firm of " Wm. Edwards & Sons " and not the signature of Wm. Edwards Sons; that, if they so found, they would consider the question of the dissolution of the firm ; and, after giving the jury the general rule that constructive notice of dissolution terminates the liability of a member of a firm as to persons dealing with another member of it, if they had never dealt with it before, said that a different rule prevailed as to those who had formerly been dealers with it; and that, in this case, inasmuch as no question was made but that the plaintiff was a former dealer with the firm of Wm. Edwards & Sons, if they found that firm had been dissolved before the making of the note declared on, they would inquire whether he had actual notice or actual knowledge of such dissolution, either personally or through Orren A. Buxton, his agent; that, if he had such notice or knowledge that said firm had been dissolved, he could not recover, otherwise he could; that, in determining the question, they would consider as evidence all the letters, receipts, checks, documents and other things tending to show notice or knowledge, and that from this evidence they might properly infer knowledge; and that upon this question they might properly presume that known facts and trustworthy information produced upon his mind such effects as they ordinarily produce in like cases upon the minds of persons of common intelligence.

As to the second and third counts, the jury were instructed, among other things, that if the note on which suit was brought bore a signature which resembled the genuine signature of Wm. Edwards & Sons to such a degree that it might properly be read

as that signature, and that a person of ordinary skill and experience in reading manuscript, familiar with that signature, would be likely to take it for that, and if the plaintiff received the note in the mistaken belief that it was signed in the firm name of Wm. Edwards & Sons, when it was in fact the note of Wm. Edwards Sons, and he never received or had held it as the note of Wm. Edwards Sons, such receipt of the note by the plaintiff would not be a payment of the debt due him; that, if the plaintiff did not receive the note under such a mistake of facts as to leave his former debt unpaid, he could not recover; that if he did receive it under such a mistake, they would inquire further what that debt was; that if the occurrence relied on by the plaintiff constituted a single transaction made up of the giving up of the old note and the delivery of a new one, such a mistake would leave the old note unpaid, and the plaintiff's remedy would be upon that, and he could not recover in this action, but if those occurrences constituted two separate transactions, first the reckoning up of the amount due upon the old note and giving that up, and the creating a new form of indebtedness and afterward the giving of a new note for that indebtedness in its new form, if through mistake such new note was not payment, the plaintiff could go back to the indebtedness in that new form, if in that case the plaintiff dealt with the parties as members of the old firm of Wm. Edwards & Sons and had no actual notice or actual knowledge that said firm had been dissolved, he could recover; that if said firm had been dissolved, and the plaintiff had such notice or knowledge of it, he was bound to know that these two persons had no right to receive the old note and fix an amount which should create a new kind of obligation for money had and received, or upon an accounting together; and that the transaction, so far as it created a new liability, was binding only upon the two who participated in it, and he could not recover against William Edwards; that, in determining whether he had such notice or knowledge, the same rules applied upon this branch of the case as upon the other.

The judge submitted to the jury the following questions: 1. Is the signature appended to the note in suit that of Wm. Edwards & Sons? 2. Did the plaintiff at the time the note in

suit was made have actual notice or actual knowledge, either personally or through his agent, that the firm of Wm. Edwards & Sons had been dissolved?

The jury answered each question in the negative; and returned a verdict for the plaintiff for $3579.76 against all the defendants.

To the admission of testimony against the defendant's objection, and to the refusal of the judge to give the instructions requested, the defendant alleged exceptions.

*A. J. Bartholomew & F. T. Blackmer*, for William Edwards.

*W. S. B. Hopkins*, (*J. M. Cochran* with him,) for the plaintiff.

W. ALLEN, J. 1. The first count, and the exceptions relating to it, are disposed of by the verdict.

2. The evidence given by the plaintiff's agent, in relation to the giving of the note in suit, was clearly competent.

3. The testimony of the plaintiff, that he understood that it was Wm. Edwards & Sons who had gone into insolvency, was competent, in connection with the evidence that he had proved claims against the insolvent estate, as bearing upon the question whether he had notice or knowledge of the dissolution of the firm of Wm. Edwards & Sons.

4. The first prayer for instructions, to the effect that no payment on the note of Wm. Edwards & Sons, made by Wm. Edwards Sons after the dissolution of the former firm, would take it out of the operation of the statute of limitations as to William Edwards, was properly refused. If the plaintiff had no notice of the dissolution of the former firm, the effect of the payment as to him was as if there had been no dissolution. *Sage* v. *Ensign*, 2 Allen, 245. He was not affected by any arrangement as to the payment which may have been made between the partners.

5. The third instruction asked was properly refused. If the plaintiff took the note by mistake, it was not necessary for him to show that he was induced to take it by fraud.

6. The other exceptions relate to the right of the plaintiff to recover on the common counts of his declaration. There are two such counts, one for money had and received, and one upon an account stated. It is assumed that the plaintiff held a valid note of the defendants as composing the firm of Wm. Edwards & Sons, upon which he could maintain an action against them, and

that he cannot recover upon that note on the count for money had and received, whether because the note is not specified in the bill of particulars or for other reasons, is immaterial. The questions arise upon the other count. It is assumed also that the transaction in December 1879 is sufficient to show such an accounting as will sustain an action on an account stated. There is no exception upon this point, and it seems clear that when the payee of a promissory note, upon which several payments have been made, presents it to the maker, and at his request agrees to remit a proportion of the interest, and the parties compute the amount due upon that basis, and fix upon the sum so found as the amount to be taken as due upon the note, it is such an accounting together as will sustain the action.

An accounting together is not the creation of a new debt. It is a new statement and acknowledgment of an old debt, from which a promise to pay is implied sufficient to maintain an action, but not to discharge the old debt, or to bar an action upon it in its original form. There may be an express promise, which will supersede that which is implied, and which will discharge the original debt. In the case at bar, the note which was given at the time having been avoided, there was no evidence of any express promise, and the action upon the account stated must be sustained, if at all, upon the promise implied from the accounting. We understand the instructions upon this point asked by the defendant and refused by the court, as well as the instructions given, to refer, not to any supposed express promise not disclosed in the exceptions, but to such implied promise; and the precise question to which they relate is, whether that was the promise of all the defendants, as the firm of Wm. Edwards & Sons, or of a part of them as Wm. Edwards Sons.

The fourth prayer for instructions seems to have been framed on the assumption that there was evidence that the agreement was that of Wm. Edwards Sons, and, if that assumption is correct, the instruction should have been given. The contract of one party will not sustain an action against another. If there was no evidence of a contract with Wm. Edwards Sons, the instruction ought not to have been given, and the instructions given were sufficiently favorable to the defendant. As the only promise is that which is implied from adjusting, computing and agreeing

upon the amount due on the note, which constitute the accounting together, and as the promise implied can be only that of the party accounting, the question may be stated in another form. Was the firm of Wm. Edwards & Sons, or the firm of Wm. Edwards Sons, the party to the accounting? In this connection the fifth and seventh prayers for instructions may be referred to. The jury were instructed that, if the plaintiff had actual notice or knowledge of the dissolution of the firm of Wm. Edwards & Sons, he could not recover, and the jury expressly found that he did not have such notice or knowledge. The defendant, in these prayers, asked for instructions, in effect, that, if the plaintiff had reason to know that the firm was dissolved, he could not recover.

To both of these exceptions, — that to the refusal to instruct that the plaintiff could not recover against Wm. Edwards & Sons on a contract with Wm. Edwards Sons, and that to the refusal to instruct that reason to know was sufficient knowledge of the dissolution, — the same answer may be given: that the presumption was that the accounting, and the promise implied from it, were by the debtor, the firm of Wm. Edwards & Sons, and that constructive knowledge by the plaintiff of the dissolution of the copartnership would not change that presumption. The act was one that one partner has a right to do after dissolution. It is an adjustment and admission of an existing indebtedness for which the firm is liable, in making which each partner, after dissolution, is authorized to act for the others; and in stating an account of a debt of the firm he must be presumed to be acting for the joint debtors; the agreement relates to a subsisting debt of the copartnership, and is an admission that the stated sum is due thereon from the copartnership, and the promise to pay, which is implied, is that of the copartnership. The presumption, even in accounting with a party who has notice of the dissolution, is that it is done for the copartnership, or is the act of all the copartners. There is nothing in the case at bar to rebut that presumption, and these prayers for instructions were properly refused. *Vinal* v. *Burrill*, 16 Pick. 401. *Gay* v. *Bowen*, 8 Met. 100. *Cady* v. *Shepherd*, 11 Pick. 400. *Bridge* v. *Gray*, 14 Pick. 55. *Ide* v. *Ingraham*, 5 Gray, 106.

*Exceptions overruled.*