ROBERT HARDING *vs.* PAUL BUTLER & others.

Suffolk.     January 28, 1892. — February 25, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Statute of Limitations — Part Payment by Partner.*

A part payment of a debt by a partner, without special authority from a copartner, but within six years of the suing out of the plaintiff's writ, takes the debt out of the statute of limitations.

CONTRACT against Paul Butler, Henry W. Hunt, and Prentiss Webster, to recover payment for services performed for them jointly. The defendant Hunt pleaded the statute of limitations.

At the hearing in the Superior Court, before *Bishop,* J., without a jury, there was evidence tending to show that the defendants Hunt and Webster were acting jointly, in the plaintiff's employment, as partners, and that less than six years before the suing out of the plaintiff's writ a payment was made by the defendant Webster on account of the debt, without the knowledge of or authority from Hunt.

The court found for the plaintiff; and the defendant Hunt alleged exceptions.

*J. M. B. Churchill,* for the defendant Hunt.

*A. J. Pratt,* for the plaintiff, did not care to be heard.

KNOWLTON, J.    The defendant Hunt contends that the plaintiff's claim against him is barred by the statute of limitations. On July 8, 1884, less than six years before the suing out of the plaintiff's writ, a payment was made by the defendant Webster on account of the debt, and "there was evidence tending to show that the defendants Hunt and Webster were acting jointly in the matter of the plaintiff's employment and service as partners throughout."

The only question presented by the bill of exceptions is whether a part payment of a debt by a partner, without special authority, takes it out of the statute of limitations. In this respect, a partner stands differently from one of two or more joint contractors, whose promise or payment cannot take a debt out of the statute of limitations against another joint contractor. Pub. Sts. c. 197,

§ 17. As to matters pertaining to the partnership business, the act of one of the members of a firm is the act of all, and a part payment of a partnership debt by one partner will have the same effect against the others as against the one who makes it.

It does not appear that the copartnership between Hunt and Webster had been dissolved at the time of the payment by Webster, much less that the plaintiff had knowledge or notice of its dissolution, and under such circumstances the payment by Webster is as effectual for the plaintiff's purpose as if it had been made by both. *Sage* v. *Ensign,* 2 Allen, 245. *Buxton* v. *Edwards,* 134 Mass. 567. *Exceptions overruled.*