JOSEPH MILLEN vs. HENRY BIGELOW WILLIAMS.

Suffolk. .November 16, 1911. — January 3, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DECOURCY, JJ.

*Order.   Compromise.   Account Stated.*

In an action upon an order in writing drawn by a contractor, called the M. Company, for the payment of $500 and alleged to have been accepted by the defendant, it appeared that the defendant accepted the order in the following terms: "The above order is accepted by me, payable only out of such sums as upon a final accounting between the M. Company and myself shall be found due the M. Company . . . [under a contract named]. By accepting this order, I do not admit in any way that there is anything due or payable or that there will be anything due the M. Company." Thereafter a settlement was made between the defendant and the M. Company by which the defendant paid to the M. Company a sum of more than $6,000, and received from the M. Company a release. Before the settlement there were pending an action of contract by the M. Company against the defendant for about $28,000, a petition by the M. Company to enforce a mechanic's lien for the same amount against the defendant, and an action by the defendant against the M. Company to recover $40,000 for breach of the contract named in the order. At the time of the settlement, in the action of contract brought by the M. Company an entry was made of judgment for the defendant, on the M. Company's petition an entry was made of petition dismissed, and the action by the defendant was discontinued, all without costs and all by agreement of the parties. Evidence was admitted, against the defendant's objection, of the negotiations between the counsel for the M. Company and the counsel for the defendant which resulted in the settlement. A letter of the defendant's counsel stating his requirements for the settlement and also the release given by the M. Company to the defendant were admitted in evidence against the defendant's objection. On the evidence it could have been found that the payment by the defendant to the M. Company of the sum of more than $6,000 was not made as the payment of a balance agreed to be due or because the defendant admitted any liability whatever, but merely as a compromise for the sake of ending the three suits pending between the parties to the settlement in which much larger amounts were involved, and in that case there was no evidence of any final accounting between the defendant and the M. Company. But it also could have been found on the evidence that the transaction was something more than a compromise, and that there was an accounting between the parties to the settlement, who had unliquidated demands against each other none the less different because they grew out of the same contract. A verdict was ordered for the defendant. *Held*, that the case should have been submitted to the jury to pass upon the question of fact, whether the payment was the result of a final accounting between the M. Company and the defendant, which would fulfil the condition of the order.

CONTRACT on an order in writing for the payment of $500, accepted by the defendant in writing in the terms printed below.

Writ in the Municipal Court of the City of Boston dated November 9, 1909.

On appeal to the Superior Court the case was tried before *Aiken,* C. J. It appeared that the plaintiff did business under the name "Cambridge Architectural Iron Works." The order sued upon was as follows:

"Boston, April 2, 1907.

"H. B. Williams, Esq., 201 Clarendon Street, Boston, Mass.

"Dear Sir: — Please pay to the order of Cambridge Architectural Iron Works the sum of five hundred (500) dollars on account of their contracts with us for work at the Kensington Building, and charge the same to our account with you.

"Yours truly, The Morrison Company, By W. L. Morrison."

The defendant accepted this order on April 5, 1907, in these terms:

"The above order is accepted by me, payable only out of such sums as upon a final accounting between the Morrison Company and myself shall be found due the Morrison Company on account of alterations and repairs on the Kensington, under contract dated June 8, 1906. By accepting this order, I do not admit in any way that there is anything due or payable or that there will be anything due the Morrison Company."

The execution of the order and of the acceptance was admitted.

It appeared in evidence, that the defendant was the owner of the building at the corner of Boylston and Exeter Streets, in Boston, known as the Kensington Building; that on or about June 8, 1906, he entered into a contract in writing with the Morrison Company, to remodel the building; and that on or about August 14, 1906, and at divers other times since that date, the Morrison Company entered into contracts with the plaintiff by which the plaintiff was to furnish and did furnish certain iron work in the alteration of the building.

The plaintiff put in evidence the records of three cases in the Superior Court, begun in July, 1907, as follows: 1. An action of contract by the Morrison Company against Williams, the present defendant, the *ad damnum* being $35,000 and the declaration setting forth a claim for $28,149.45 for work and material furnished under the contract of June 8, 1906; 2. A petition to en-

force a mechanics' lien, filed by the Morrison Company against Williams, setting forth a claim for the same amount as claimed in the action at law; and, 3. An action at law, by Williams against the Morrison Company, to recover $40,000 for breach of the contract of June 8, 1906.

It appeared from the records in these three cases that on October 20, 1909, in the first of the above actions, entry was made of judgment for the defendant, without costs; that in the second action entry was made of petition dismissed without costs, and that the third action was discontinued without costs, all by agreement of the parties.

The plaintiff called as a witness Mr. Stoneman, who was the counsel of record for the Morrison Company in the three cases mentioned above. He testified that he had interviews and correspondence with Mr. Sturgis, who was the counsel for the present defendant, in regard to a settlement of the cases. Against the objection and subject to the exception of the defendant the witness testified to the substance of his conversations with Mr. Sturgis.

Subject to the defendant's exception, the witness further testified that the amount agreed upon between Mr. Sturgis and the witness in settlement was $6,750; that that sum was paid to him as attorney for the Morrison Company; that in return he complied with the terms of the settlement as stated in a certain letter from Mr. Sturgis; and that a release was executed and was given to the present defendant. The release and the letter from Mr. Sturgis were admitted in evidence subject to the defendant's exception.

The findings warranted by the evidence, in regard to the character of the negotiations between the counsel for the Morrison Company and the counsel for the present defendant and the character of the settlement in which the negotiations resulted, are stated in the opinion.

At the request of the defendant the Chief Justice ruled that upon all the evidence the plaintiff could not recover and ordered a verdict for the defendant. At the request of the plaintiff he reported the case for determination by this court. If the ruling was wrong and there was any evidence to be submitted to the jury, and the case should have been submitted to them, judg-

ment was to be entered for the plaintiff in the sum of $500 with interest at the rate of six per cent from the date of the writ; otherwise, judgment was to be entered on the verdict for the defendant.

*A. Berenson,* for the plaintiff.

*R. F. Sturgis,* for the defendant.

SHELDON, J.   Undoubtedly the jury might have found that in what took place between the defendant and the Morrison Company the defendant simply bought his peace in the controversies which had arisen between them.   It could be found that he paid the sum of more than $6,000 to the company, not because that was the amount which it was finally agreed that he ought to pay as the balance due upon the collation and comparison of their various claims growing out of the contract between them and the work that had been done thereunder, and not because he admitted that he was liable for any sum whatever, but merely because he consented to pay that sum for the sake of ending the three suits which were pending between them and in which much larger amounts were involved.   If this was so, there was no evidence of any final accounting between the defendant and the Morrison Company or that any amount had become due from him under their contract; and as the conditions of the defendant's acceptance would not have been performed, of course the present action could not be maintained. The defendant is right in contending that his payment to the company would not then be an admission or estoppel on his part, upon which this action could be maintained.

But the jury also could have found that the transaction was something more than a compromise between the parties.   They could have found that it was an accounting between two parties having unliquidated demands against each other, none the less different because they grew out of the same contract.   *Alvord* v. *Marsh,* 12 Allen, 603, 606.   In the negotiations which led to the adjustment, the demands of each party and the possible defenses against them were discussed between the representatives of the parties.   There were stipulations as to what was to be included in the settlement.   The admission of much of the testimony was excepted to by the defendant; but those exceptions have not been argued, and we treat them as waived.   Nor do

we see any ground upon which this evidence could have been excluded. The issue was, what was the transaction between these parties, judging their intention as it was manifested at the time. The intention and understanding of the defendant were especially material. But this was a question of fact, to be settled by the jury. That was the point of the decision in *Colburn* v. *Groton,* 63 N. H. 151, 156, cited by the defendant. If, after the defendant and the Morrison Company had reached their agreement, he had refused to pay the sum decided upon, and the company had sued him upon an account ‸stated to recover that sum, the issue thus presented would have been for the jury.

No question has been made as to the authority of the attorneys of the defendant and of the Morrison Company to act for and to bind their respective principals.

The case should have been submitted to the jury. See *Buttrick Lumber Co.* v. *Collins,* 202 Mass. 413 ; *Allen* v. *Mayers,* 184 Mass. 486, 488 ; *Buxton* v. *Edwards,* 134 Mass. 567 ; *Chace* v. *Trafford,* 116 Mass. 529, 533.

The point that this order was not an inland bill of exchange and ought not to have been declared on as such, was not taken at the trial and is not now open. The ruling was not made upon the pleadings, but upon the broad question whether there was any evidence upon which the defendant could be held.

Upon the report, judgment must be entered for the plaintiff for $500 with interest from the date of the writ.

*So ordered.*