VERMONT–PEOPLES NATIONAL BANK *vs.* CARROLL Z. PARKER.

Berkshire.   September 17, 1929. — December 11, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Limitations, Statute of. Bills and Notes*, Payment, Collateral, Renewal note. *National Bank*, Consolidation. *Partnership*, Agency of one partner for another, Dissolution.

Previous to 1913 two partners signed a note payable to a bank. In that year they dissolved the partnership, but the bank had no formal notice of the dissolution. In 1915, one of the former partners, without the knowledge of the other, assigned a policy of insurance upon his life to the bank as collateral security for the note. In 1920, a renewal note was signed by both of the former partners, which did not contain any reference to the insurance policy. In January, 1923, the

bank was consolidated with another bank under 40 U. S. Sts. at Large, 1044. The first former partner then died and the consolidated bank, having received a sum of money from the insurance company under the policy, applied it in partial payment of the renewal note in November, 1923. The consolidated bank commenced an action on the renewal note against the surviving partner in February, 1928. The note at that time bore a pencil notation "Charged P. L. . . . 1921." *Held,* that

(1) Even if the notation meant that the payee bank had charged the note to profit and loss previous to the consolidation with the other bank, it did not constitute proof of payment or of want of title to the note in the plaintiff; .

(2) G. L. c. 260, § 15, was not applicable;

(3) Whether the plaintiff had knowledge of the dissolution of the partnership was a question for the jury;

· (4) A finding was warranted that the insurance policy became collateral security for the renewal note;

(5) If the bank had no knowledge of the dissolution of the partnership, the pledge of the policy by his partner was binding upon the defendant;

(6) The application of the proceeds of the policy to the renewal note constituted a payment which prevented the operation of the statute of limitations until November, 1929; that statute therefore was not a bar to the action;

(7) A finding was warranted that title to the renewal note was in the plaintiff;

(8) A finding for the plaintiff was warranted.

CONTRACT. Writ dated February 1, 1928.

Material evidence at the trial in the Superior Court before *Burns,* J., is stated in the opinion. The judge refused to order a verdict for the defendant. The jury found for the plaintiff in the sum of $10,980.80. The defendant alleged an exception.

*J. O'Halloran & P. J. Ashe,* for the defendant, submitted a brief.

*H. Sherman,* for the plaintiff.

WAIT, J. The plaintiff brought suit against the defendant upon four promissory notes. The defendant answered a general denial, payment, and the statute of limitations. After verdict for the plaintiff, the case is before us upon the defendant's exception to the refusal of the trial court to direct a verdict in his favor. Material facts which the jury could find are as follows: The defendant and one Crosby were partners doing a general contracting business

at Brattleboro, Vermont, in 1913, and were then indebted to the Vermont National Bank upon sundry notes. In December of 1913 or January of 1914 the partners decided to go out of business. On going over their accounts, they found that the firm owed the defendant a sum which about equalled his liability on the outstanding notes. Crosby agreed to attend to this liability. The defendant moved from Brattleboro to North Adams in this Commonwealth and has lived there since 1914. No formal notice of dissolution of the partnership was given to the bank. In 1920, indebtedness still remaining undischarged, the notes in suit were delivered by Crosby to the bank in renewal of notes of earlier date. They bore the signatures of Crosby and Parker, the firm; and of Crosby and of the defendant, the individual partners. The defendant does not deny his signature. Three of them recited collateral for their payment which had been deposited with earlier notes. The insurance policy, hereinafter referred to, was not set out. They bore dates in June, July, and August, 1920. On January 2, 1923, the Vermont National Bank was consolidated with the Peoples National Bank. Act of Congress of November 7, 1918, c. 209, § 2, 40 U. S. Sts. at Large, 1044. The consolidated corporation became the Vermont-Peoples National Bank, the plaintiff. Each note bears in pencil a notation "Charged P. L. 2/16 1921"; and each is indorsed with a partial payment as received on November 13, 1923. About October 19, 1915, Crosby assigned to the Vermont National Bank a life insurance policy upon his life as collateral upon the Crosby and Parker notes. Parker had no knowledge of this. Crosby died at some time prior to November, 1923, and on November 12, 1923, the Vermont-Peoples National Bank received $2,000 from the company which issued the policy. On November 13, 1923, it indorsed certain amounts upon these notes and applied the balance to a fifth note of the partnership. In 1927 the plaintiff's cashier wrote the defendant in regard to payment. His reply stated: "The condition of my finances are poor. I still owe the banks a lot of money, and have been out of work, but have an offer to sell cars

and expect to take it." There was no evidence that Crosby and Parker had obtained any money from the Vermont National Bank at any time after they ceased to do business in 1913 or 1914. The plaintiff's writ was dated February 1, 1928.

There was no error in refusing to direct a verdict for the defendant. The introduction of the note bearing the unquestioned signature of the defendant was enough to entitle the plaintiff to go to the jury. The indorsement in pencil on the face of the notes, even if it meant that the Vermont National Bank had charged them to profit and loss before the consolidation with the Peoples National Bank, does not amount to proof of payment; nor of lack of title in the consolidated corporation, the plaintiff. Nor does the evidence establish that the plaintiff's claims have been barred by the statute of limitations as matter of law.

The statutory provision, G. L. c. 260, § 15, which secures the benefit of the bar of the statute to one joint contractor in spite of an acknowledgment, new promise or payment made by any other joint contractor, has no application in the case of partners, *Sage* v. *Ensign*, 2 Allen, 245, *Buxton* v. *Edwards*, 134 Mass. 567, 577, *Harding* v. *Butler*, 156 Mass. 34; at least, when the creditor has no notice of the dissolution of the partnership. Whether the plaintiff had knowledge of the dissolution of the partnership between Crosby and the defendant was for the jury to determine.

The jury could find that the policy of life insurance from which in 1923 the plaintiff realized $2,000 was deposited in 1915 as collateral upon all partnership obligations then outstanding, and that the notes in suit, signed in renewal of obligations of the partnership by the defendant in 1920, six years after the partnership, according to his contention, had ended, were secured by that policy as collateral although it was not specifically set out in the notes. In the absence of knowledge of the dissolution, the act of one of the firm who was dealing with firm indebtedness existing at the time of dissolution binds the other partners. *Harding*

v. *Butler, supra. Buxton* v. *Edwards, supra., Sage* v. *Ensign, supra.* Indeed it might bind them even after knowledge of dissolution. See cases cited in *Buxton* v. *Edwards, supra,* 579. Although the notes were made in Vermont by a Vermont partnership and were payable in Vermont, both parties have argued on the footing that the law by which their rights are to be adjusted is the law of this Commonwealth. We accept the case as presented.

The Vermont National Bank could be found to be a holder of collateral which it could apply to any of the firm's indebtedness; and, by the law of Massachusetts, a receipt through application of collateral occurring after the period of limitation had run upon the principal obligation is a payment which removes the bar of the statute. *Buffinton* v. *Chase,* 152 Mass. 534. In that case this court recognized that a different rule obtains in other States, but refused to follow it. Its authority has not been questioned here.

Six years had not elapsed after November, 1923, when this action was begun.

The jury could find that the note became the property of the plaintiff upon the consolidation of the banks. See *Worcester County National Bank, petitioner,* 263 Mass. 444, 451, 452.

It follows that entry must be made.

*Exception overruled.*