SALEM RIZKALLA *vs.* SALEM ABUSAMRA.

cester.    September 26, 1933. — October 25, 1933.

Present: CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Contract,* Implied.    *Frauds, Statute of.*

At the hearing in a district court of an action of contract with a declaration upon an account annexed for $2,000 "agreed upon [with the plaintiff's assignor] after accounting," there was evidence that the plaintiff's assignor and the defendant had had dealings with each other, as a result of which a dispute had arisen as to whether the defendant owed the plaintiff's assignor anything; that thereafter they had met and had agreed orally to a settlement whereby the defendant was to assign a certain mortgage due him to the plaintiff's assignor

and was to give him his promissory note, the disputed claim thus being compromised for $2,000; and that the oral agreement never was carried out and no agreement in writing was made. The defendant relied in defence on the statute of frauds. The judge found that the defendant by said agreement acknowledged that he owed the plaintiff's assignor the sum of $2,000 and that no part thereof had been paid by the defendant, ruled that the statute of frauds was not applicable, found for the plaintiff, and reported the action to the Appellate Division. The report was ordered dismissed and the defendant appealed. *Held*, that

(1) A finding was warranted that the account stated was founded on previous transactions of a monetary character which created a relation of debtor and creditor;

(2) The finding by the trial judge, that at the meeting between the defendant and the plaintiff's assignor the defendant acknowledged that he owed the assignor $2,000, rendered the defendant liable under an implied contract to pay the indebtedness;

(3) The action not being brought to compel the assignment of the mortgage or to compel the defendant to give a note, but to recover money due upon an accounting, the statute of frauds was not applicable;

(4) The finding for the plaintiff was proper.

CONTRACT. Writ in the Central District Court of Worcester dated June 18, 1932.

In the District Court, the action was heard by *Wall*, J. The declaration and material evidence are described in the opinion. The defendant asked for the following rulings:

"1. The negotiations between the defendant and the plaintiff's assignor were preliminary only to the execution of a contract.

"2. There was therefore no oral agreement between the defendant and the plaintiff's assignor.

"3. If there was an oral agreement actually made between the defendant and the plaintiff's assignor, it was in substance that the defendant would deliver to said assignor his own note for $600 payable in one year, and a mortgage of $1,400 upon land in this city.

"4. If an oral agreement was made between the defendant and the plaintiff's assignor for the delivery by the defendant of his note for $600 payable to said assignor, this agreement was within the statute of frauds and not enforceable unless in writing.

"5. At all events that portion of the oral agreement which

provided for the transfer of a mortgage on land is unenforceable unless in writing and this feature would render the whole agreement unenforceable unless in writing.

"6. If an oral agreement was made by the defendant to transfer a mortgage on land to the plaintiff's assignor, it was within the statute of frauds and is unenforceable unless in writing.

"7. The action should be dismissed and a judgment rendered for the defendant."

Rulings and findings by the trial judge are stated in the opinion. There was a finding for the plaintiff in the sum of $2,175. A report to the Appellate Division for the Western District was ordered dismissed. The defendant appealed.

*E. G. Norman*, for the defendant.

*F. T. Mullin*, for the plaintiff.

CROSBY, J. This is an action of contract in which the plaintiff seeks to recover $2,000 and interest on an alleged accounting between the defendant and the plaintiff's assignor, one Elias Ghiz. The declaration is upon an account annexed, which sets forth "Sum agreed upon after accounting" $2,000, interest $280, making a total of $2,280. The answer was a general denial and payment. An amended answer pleaded the statute of frauds, G. L. (Ter. Ed.) c. 106, § 6, and G. L. (Ter. Ed.) c. 259, § 1, as a defence.

At the trial there was evidence tending to show that Ghiz, the assignor of the plaintiff, and the defendant had dealings before September 9, 1931; that as a result thereof there was a dispute as to whether anything was owed by the defendant to Ghiz; that on or about September 9, 1931, the defendant and Ghiz met at an attorney's office and after discussion the defendant orally agreed, in settlement, to assign to Ghiz a certain mortgage upon which there was due a balance of $1,400, and to deliver to Ghiz the defendant's note for the sum of $600 payable in one year; that agreements in writing were to be prepared and executed; that at said meeting the disputed claim was compromised for $2,000 and it was agreed that it be paid as above stated; and that the contract never was carried out. It is agreed by the parties that an assignment from Ghiz to the plaintiff was

valid; that no agreement in writing was made in the office of the attorney — there was only an oral agreement between the parties. The trial judge found that the defendant by said agreement acknowledged that he owed Ghiz the sum of $2,000 and that no part thereof had been paid by the defendant. At the close of the trial the defendant made seven requests for rulings, all of which the judge refused to give on the ground that they were not applicable, as the case was "not . . . an action to enforce the assignment of any mortgage nor to compel the plaintiff [defendant?] to give a note, but . . . [was an action] for money due upon an accounting." He found for the plaintiff and reported the case to the Appellate Division.

The Appellate Division rightly ruled that the first three requests of the defendant were for findings of fact and that the fourth, fifth and sixth requests were not applicable, as the action is brought to recover money due on an accounting and not to enforce the assignment of the mortgage nor to compel the giving of a note. The seventh request that the action should be dismissed and judgment rendered for the defendant could not properly have been given as it in effect is a request for a ruling upon all the evidence and does not comply with Rule 27 of the District Courts (1932) the grounds upon which the request is based not being specified. The Appellate Division found that there was no prejudicial error in the refusal of the trial judge to rule as requested or in the rulings made and ordered the report dismissed.

This is an action to recover upon an account stated and must be founded on previous transactions of a monetary character creating the relation of debtor and creditor. *Tucker* v. *Columbian National Life Ins. Co.* 232 Mass. 224, 229. It is stated in the report in the present case that the evidence tended to show that Ghiz, the plaintiff's assignor, and the defendant had some dealings before September 9, 1931, as a result of which there was a dispute whether money was owed by the defendant to Ghiz, and it was orally agreed that, in settlement, a certain mortgage for $1,400 should be assigned by the defendant to Ghiz and that the defendant

should also deliver his note for $600 to him. From this evidence a finding was warranted that the account stated was founded on previous transactions of a monetary character which created a relation of debtor and creditor. The finding of the trial judge that at the meeting between the defendant and Ghiz, the plaintiff's assignor, the defendant acknowledged that he owed Ghiz $2,000 renders the defendant liable under an implied contract to pay the indebtedness. "An 'account stated' is an acknowledgment of the existing condition of liability between the parties. From it the law implies a promise to pay whatever balance is thus acknowledged to be due. It thereby becomes a new and independent cause of action, so far as that a recovery may be had upon it without setting forth or proving the separate items of liability from which the balance results." *Chace* v. *Trafford*, 116 Mass. 529, 532. "An accounting together is not the creation of a new debt. It is a new statement and acknowledgment of an old debt, from which a promise to pay is implied sufficient to maintain an action, but not to discharge the old debt, or bar an action upon it in its original form." *Buxton* v. *Edwards*, 134 Mass. 567, 578. See *Braman* v. *Foss*, 204 Mass. 404, 411, 412; *Millen* v. *Williams*, 210 Mass. 516, 519, 520. The trial judge rightly ruled that the action was not brought to compel the assignment of the mortgage or to compel the defendant to give a note, the action being brought to recover money due upon an accounting. It follows that the statutes of frauds, G. L. (Ter. Ed.) c. 106, § 6, and G. L. (Ter. Ed.) c. 259, § 1, are not applicable as a defence to this action.

We find no error in the decision of the Appellate Division.

*Order dismissing report affirmed.*