Rowe, J.
This is an action of contract in which there was a plaintiff finding. The defendant raises a question of pleading first presented to the trial judge upon a motion for a new trial. The defendant then saved his rights relative to an adverse ruling* on his first request and the trial judge in effect reported the correctness of the ruling. We consider the defendant’s first request, denied by the trial judge as being properly before us for our consideration. That request reads as follows: “(1) There is no evidence to support the plaintiff’s action as set forth in his declaration.” The ruling on that request was “Denied. Inapplicable to the facts as found.” The judge filed special findings of fact. The first sentence of which reads, “This is an action of contract for labor and materials in which the plaintiff seeks to recover balance due for the installation of a heating system.”
The question of pleading raised by the counsel at the hearing on a motion for a new trial is decisive of the case now before us.
*2 The plaintiff’s declaration is framed in general assumpsit on the common count of balance due on account stated. The judge ruled that whether there was evidence of account stated was immaterial because in effect he found for the plaintiff on the common count of work, labor and material. In this there was error.
The report is bare of anything which would justify a plaintiff finding on an account stated. An account stated acknowledges a pre-existing liability and the law implies a promise to pay without proof of different items. It creates a new cause of action but does not discharge the old debt or bar an action on it in its original form. Rizkeller v. Abusamba,-284 Mass. 303, 307. It is somewhat analogous to the giving of a promissory note for the balance. There must be an acknowledgment of an existing liability. Davis v. Arnold, 267 Mass. 106, 111.
The trial judge may have been confused by that line of cases which hold that a defendant finding will not be ordered “if the evidence was sufficient in any form of declaring to justify a finding for the plaintiff in any amount.” Murphy v. Brilliant Co., 323 Mass. 526, 530 and cases cited. But such instances are limited to cases where the request or motion is not directed specifically to the pleadings.
In the case at bar the request was specifically directed to the pleading that there was no evidence to support the declaration as framed. The defendant was entitled to a direct ruling upon the merits of the request. The request should have been granted.
In the case at bar the difference between the allegations of the declaration and the finding of the trial judge, there was fatal variance between the two. Pacheo v. Medeiros, 292 Mass. 416, 423.
As the defendant’s first request for ruling should have been granted on the merits, there was error in denying it as inapplicable. New trial ordered.