HORACE M. LEONARD vs. CHESTER STRONG & another[1]
(and a companion case).

Bristol.   December 10, 1973. — July 26, 1974.

Present: HALE, C.J., ROSE, KEVILLE, GRANT, & ARMSTRONG, JJ.

*Practice, Civil,* Motion for continuance, Judicial discretion, Variance.
*Frauds, Statute of.   Limitations, Statute of.*

There was no abuse of discretion in denial of a continuance in an
    action where it appeared that, seventeen months after counsel for
    the defendant withdrew, the action was marked for trial and the
    defendant then appeared with new counsel and moved for the
    continuance, and that trial took place two days later, and it did
    not appear that the denial of the continuance forced the defendant
    to trial without adequate preparation or otherwise prejudiced the
    defendant's rights. [468-469]
The statute of frauds, G. L. c. 259, § 1, Fourth, relating to the sale
    of interests in land, had no application in an action for money
    advanced. [469]
There was no variance in an action for money advanced where, al-
    though there was evidence that the defendant realized money by
    selling property which the plaintiff had transferred to the defend-
    ant for safekeeping, there was also evidence that the plaintiff him-
    self had sold the property and advanced the proceeds to the
    defendant. [469-470]
In an action against joint debtors for money advanced, brought more
    than six years after the advance, a contention by the plaintiff that
    the defendants were in such a relation that a partial payment on
    account of the advance made within such six years by one of the
    defendants tolled the running of the statute of limitations as to the
    other defendant was not supported by the evidence, and the other
    defendant was entitled to judgment by reason of the statute. [470-
    471]

[1] Alice Kydd.

Two ACTIONS OF CONTRACT.  Writs in the Superior Court dated November 22, 1968.

The actions were heard by *Frank E. Smith*, J., without jury.

*Richard D. Clarey* (*Paul F. Wynn* with him) for Alice Strong Kydd.

*Ellsworth A. Hathaway* for Horace M. Leonard & another.

ROSE, J.  These are two actions of contract, one of which was brought by Horace Leonard against Chester Strong and his then wife Alice[2] and the other of which was brought by Merle Leonard against the same defendants.  Each case is before us on a substitute bill of exceptions filed by Alice Kydd.  Since the allegations of error in the two cases are for the most part unrelated, we shall discuss the cases separately.

### THE ACTION BROUGHT BY HORACE LEONARD

Kydd was a defendant only in the first of the three counts in this action.  On that count, a claim for money advanced, the judge found against both defendants in the amount of $6,000.  Kydd took exceptions to the denials of her motion for a continuance, of her requests for rulings,[3] and of her motion for a new trial.

The facts pertinent to a consideration of Kydd's exception to the denial of her motion for a continuance are as follows.  Horace's action was begun in 1968.  An attorney seasonably entered an appearance for Kydd but subsequently withdrew from the case on July 17, 1970.

---

[2] Chester Strong and Alice Kydd separated on October 3, 1968, and were divorced in 1969.

[3] Although the bill of exceptions suggests that Kydd raised the issue of an alleged failure of proof (argued in this court as an issue of variance; see n. 5) by a motion for a "directed finding," an examination of the papers filed in the case reveals that the point was presented in proper form by a request for a ruling of law.  See *Forbes* v. *Gordon & Gerber, Inc.* 298 Mass. 91, 94 (1937).

Seventeen months later, on December 6, 1971, the case was called for trial. Kydd, however, did not appear on that date, having received no notice of the call. The case was marked for trial on December 8, at which time Kydd appeared with new counsel and moved for a continuance. Her motion was denied subject to exception. On December 10 the case went to trial with all parties present.

A motion for a continuance is addressed to the sound discretion of the judge. *Morgan* v. *Steele,* 242 Mass. 217, 218 (1922). *Mowat* v. *Deluca,* 330 Mass. 711 (1953). As there is no suggestion in the substitute bill that the judge's action forced Kydd to try the case without adequate preparation or otherwise prejudiced her rights, we find no abuse of discretion in his ruling. See *Noble* v. *Mead-Morrison Mfg. Co.* 237 Mass. 5, 16 (1921).[4]

Kydd's other exceptions were each grounded in whole or in part on the contention that the statute of frauds barred any recovery against her. Kydd relies on that portion of the statute which governs the sale of interests in land. See G. L. c. 259, § 1, Fourth. Although there was mention at the trial of transactions in land, the plaintiff's action against Kydd was a claim for money advanced, to which the cited provision has no application. Her exceptions on this point must therefore be overruled.

Kydd also argues that there was a variance between the declaration and the evidence introduced by the plain-

---

[4] Kydd also argues that the court's failure to give her as much notice as the other parties to the case may have received violated her rights under the equal protection clause of the Fourteenth Amendment to the United States Constitution. As no distinct objection or exception on this point appears in her substitute bill of exceptions, we treat it as an aspect of her argument regarding the denial of her motion for a continuance. We discern no constitutional violation. Compare *Old Colony R.R. Co.* v. *Assessors of Boston,* 309 Mass. 439, 449-450 (1941).

tiff.    Even if we assume that this issue was properly raised at trial[5] (see *Griffin* v. *Rudnick,* 298 Mass. 82, 84 [1937]; *Spence* v. *Lawrence,* 337 Mass. 355, 358 [1958]), we are of the opinion that no variance existed. The plaintiff, an elderly man in failing health, testified that Kydd had realized $6,000 by selling property which he had transferred to her for safekeeping.    Chester Strong, however, testified that the plaintiff had sold the property himself and had advanced the proceeds to the defendants.    The judge could and apparently did believe the testimony of Strong, which adequately supported the allegations made in the declaration.

### THE ACTION BROUGHT BY MERLE LEONARD

Merle Leonard's action consisted of two counts.    Kydd was a defendant in only the first count, a claim for money advanced, on which there was a finding for the plaintiff in the amount of $3,100.    Of the arguments advanced by Kydd in support of her exceptions to the denial of her requests for rulings and her motion for a new trial, we need consider only one, to wit, that the action against her was barred by the statute of limitations.

The relevant evidence was as follows.    On or about February 27, 1961, the plaintiff drew on the checking account of King Phillip Real Estate, a business in which he and Kydd were then engaged, a check for $3,300. The check was cashed by the defendants, who used the money

---

[5] The defense of variance was raised, if at all, by either or both of the following requests for rulings:

"The plaintiff is barred from recovery on Count 1 because he introduced no evidence to support his allegations in the declaration that he 'advanced' money to the defendants."

"Plaintiff utterly failed to introduce proof that he advanced $6,000.00 to the defendant Alice Kydd as alleged in Count 1 of his declaration."

to buy real estate. The bulk of the $3,300 was never repaid, either to the plaintiff or to the real estate concern, but on February 14, 1967, while the plaintiff and Chester Strong were in a store looking at a jacket, Strong paid the plaintiff $200, commenting as follows: "Well, we owe you $3,300 from a long time ago. So . . . [take] this $200 on account and buy your jacket." The present action was brought in November of 1968.

The plaintiff concedes that the six year statute of limitations applicable to actions of contract (see G. L. c. 260, § 2) had run by the time his action was begun and further recognizes that part payment by one of two joint debtors would not toll the running of the statute as to the other.[6] He argues, nevertheless, that Strong's payment tolled the running of the statute as to Kydd because there was evidence that they were in a close business relationship.[7] Compare, in this regard, *Vermont-Peoples National Bank* v. *Parker,* 269 Mass. 387, 390-391 (1929). The bill of exceptions, however, contains no evidence of a business relationship between the defendants other than their participation, at an undisclosed date, in a construction corporation. This evidence is not sufficient to establish that the "debtor . . . [stood] in such a relation to . . . [the payment by a joint debtor] as to warrant an inference that by the payment he personally intended to renew his promise to satisfy the indebtedness." See *Abele* v. *Dietz,* 312 Mass. 685, 687 (1942), and cases cited. We conclude that Kydd's exceptions on this point must be sustained.

---

[6] See G. L. c. 260, § 15: "A joint contractor or his executor or administrator shall not lose the benefit of this chapter so as to be chargeable by reason only of an acknowledgement or promise made or signed, or by reason of a payment made, by any other joint contractor or his executor or administrator."

[7] The plaintiff does not rely on the defendants' marital status at the time of Strong's payment, and there is no reason to believe that this would modify the operation of § 15.

In the action brought by Horace Leonard, Kydd's exceptions are overruled. In the action brought by Merle Leonard, her exceptions are sustained, and judgment is to be entered in her behalf.

*So ordered.*