MELINDA DENNIS & another *vs.* BERNICE AUSTIN. November 26, 1976. 1. We perceive no abuse of discretion (*Leonard* v. *Strong,* 2 Mass. App. Ct. 467, 469 [1974]) in the judge's denial of the defendant's motion for a continuance, based on the alleged unavailability of the defendant to testify in her own behalf. The case had been fully tried to an auditor (who had found for the plaintiffs), the defendant lived in New Hampshire, the defendant's counsel had had at least six days' notice of a special assignment for trial, but the motion was not filed or presented until the morning of trial. The motion itself has not been reproduced in the appendix to the defendant's brief (see *Haddad* v. *Board of Appeals of Medford, ante,* 843 [1976]), and we do not know whether it

---

was supported by affidavit. See Rules 4 and 9 of the Superior Court (1974). However, enough does appear from the transcripts of the trial (during which counsel sought to renew the motion) and of an ensuing lobby conference to show that it was open to the judge to find (as we think he did) that counsel had made conflicting and untrue representations concerning the unavailability of the defendant. 2. No evidence was offered during the trial apart from the auditor's report. In his closing argument counsel for the defendant improperly advised the jury that the principal plaintiff and three other witnesses available to her (including her mother) had been in the court room throughout the trial. The judge interrupted counsel, instructed him not to make further comment on the subject, and advised the jury that the defendant had also had the right to call the people in question as his own witnesses. When counsel immediately returned to the same subject, the judge, within the hearing of the jury, instructed counsel to confine his argument to the facts found by the auditor in his report; the judge added that he would discipline counsel if he (the judge) should be forced to repeat his instruction. In the circumstances, we see no impropriety in any of the judge's remarks. 3. The defendant's counsel presented no requests for instructions. His sole "exception" (objection) was to "the whole charge." As it cannot be said that the whole charge was objectionable, the defendant no longer has any cause for complaint. *Lane* v. *Epinard,* 318 Mass. 664, 668 (1945). Contrast *Federal Natl. Bank* v. *O'Keefe,* 267 Mass. 75, 83 (1929). We note that the judge gave the only supplementary instruction requested by counsel.

*Judgment affirmed.*

*Edward R. Wine* for the defendant.

*H. Burton Hampton,* for the plaintiffs, submitted a brief.